IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:21-CV-225-BO

| | | |
|---|---|---|
| JUDITH KNECHTGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S REQUEST FOR** |
| | ) | **PRODUCTION OF DOCUMENTS** |
| N.C. DEPARTMENT OF PUBLIC | ) | **TO DEFENDANT NCDPS** |
| SAFETY, ERIC HOOKS, JANET | ) | |
| THOMAS, and TERRI CATLETT, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| | ) | |
| | ) | |

Please take notice these requests for production of documents are propounded to Defendants pursuant to Rules 34 of the Federal Rules of Civil Procedure and should be answered within thirty (30) days from the date of service. Instructions and definitions are provided in Exhibit A.

1.      Documents for all candidates related to first, second and third CPHC CEO interviews and postings; including but not limited to posting, application interview questions, interview notes, emails related to the selection process and the following forms used in each selection process for each candidate. HR 001, 003, 004, 005, 006, 007, 008, 009, 012, 013, 014, 015, 016, 017, 018, 019.

2.     A copy of DPS EEO investigative file regarding Plaintiff including any reports, statements, recordings, exhibits, emails, including but not limited to the letter written December 21, 2021 stating there was no reasonable cause to substantiate Plaintiff's allegations of discrimination and harassment; the file and all documentation communication related to the interview with Ms. Greta Bethea on April 15, 2021; the file and all documentation and communication related to the EEO Mediation with Marc Edwards on February 2, 2022; the file and all documentation and communication related to the EEO Hearing on February 18, 2022 to include all evidence supplied by DPS Marc Edwards and the Plaintiff; the file and all documentation and communication associated with the EEO Final Agency Decision from Timothy Moose on April 8, 2022.

3.     A copy of the OSI investigation allegations on November 18, 2019 against Plaintiff including but not limited to reports, statements, recordings, exhibits, emails and all other documents, including but not limited to the Internal Investigation Report (INV-111); Multimedia supporting documentation and evidence from complainant (INV-109), Multimedia supporting documentation from subject employee (Plaintiff)(INV-109); Case assignment (INV-107); Investigator notes (INV-105); Subject employee information sheet (INV-106); Employee statement form (INV-102); Notice of Internal Investigation (INV-100), to include all witness interviews.

4.     A copy of the letter regarding Inquiry of Central Prison Healthcare Facility Controlled Substance Medication Issues from Tim Moose to W. David Guice dated June 15, 2016, regarding controlled substance losses and placement of Knechtges into Acting CPHC CEO position.

5.     All CPHC controlled substance documentation related to lack of appropriate documentation, losses, waste to include operating room documentation for controlled substances, propofol, ketamine, etc. from February 1, 2019 to March 31, 2022 and the documentation of disciplinary action related to the imposition of a fine by the DEA against the Defendant related to controlled substance looses at CPHC.

6.     Documentation showing the Health Services staff below had all Health Services and work-related email correspondence removed during their investigations:

   a.  Max Harris

   b.  Vibha Dholakia

   c.  Terri Catlett

   d.  Joy Jones

   e.  Jeffery Loberbaum

   f.  Donald McLeod, Business Officer

   g.  Mohammed Khan

       h.  Chad Lovett

5.  Copies of documentation including but not limited to hand-written notes, typed memos, email messages, texts, etc.

    a.  regarding validation of  Lovett's employment application and authority who did so.

    b.  Showing written notification to Chad Lovett of non-selection after his first interview (second posting) and copy of written notification to Lovett of selection after second interview (third posting).

    c.  Proving Lovett's supplemental question answers were not false.

    d.  showing Lovett met the requirement of "must demonstrate or provide supporting documentation within the body of your application that demonstrates your possession of each KSA listed".

    e.  showing the Joint Commission Accreditation experience of Anita Wilson MD (prior DPS and CPHC Medical Director), Annie Harvey (Prison's Administration) and Douglas Holbrook (DPS CFO).

    f.  Showing individual/s who contacted Lovett to tell to apply for the third posting.

    g.  DPS CPHC CEO Position Description Form for Chad Lovett

    h.  Chad Lovett's Requests for Secondary Employment.

    i.  Chad Lovett computer, laptop and state cell phone usage data/information from February 1, 2019 to March 31, 2022.

j. Gate logs for Chad Lovett and Joy Jones from January 1, 2018, through March 1, 2022.

k. Chad Lovett's Performance Evaluations, Performance Plans and Interim Reviews.

9. All DPS employee files for Plaintiff beginning in 2003.

10. Documentation identifying all positions posted and into which individuals were hired beginning November 1, 2017 through December 31, 2018.

11. All documentation related to the total number and type of all positions at CPHC for each month between between May 1, 2016 to December 31, 2018.

12. Documentation related to Chad Lovett's experience prior to being selected as the CPHC CEO in the following areas:

a. executive level correctional experience

b. the operation of Mental health therapeutic diversion units (TDU), mental health crisis units, mental health residential units, mental health long term care units, outpatient mental health, hiring of mental health staff, implementation of mental health beds.

c. The provisions of Correctional Urgent Care

d.     The Implementation of electronic health records and automated dispensing cabinets in a 326-bed hospital.

e.     DHHS audits for outpatient offender mental health areas

f.     Contracts with external providers including but not limited to UNC physicians for surgery, urology, cardiology, nephrology, oncology, otology, dermatology, orthopedics, podiatry, GI, etc.

g.     The provision of Correctional Telehealth

h.     The operation of an Outpatient health care facility for a prison population greater that 800 offenders, including offenders on Death Row.

i.     Coordination of information gathering and report preparation for any legislative body or third-party stakeholders;

j.     Security precautions related to inmate transfers between health care facilities and correctional facilities.

k.     Inmate healthcare issues including but not limited to the ADA, DCI, Workers Compensation, DEA, FDA, National Patient Safety Goals, North Carolina Department of Health and Human Services, Department of Labor, and OSHA.

l.     Coordination and collaboration of partnering relationships regarding offenders with Temporary Solutions, Wake County EMS, non-emergent transport groups, service and equipment vendors, and local hospitals such as UNC.

m.     Budget/Fiscal /Training (Prison Administration),

n.     HR (Raleigh Regional Employment),

o.      Safety and Health Reporting (Safety, Occupational and Environmental Health),

p.      State Term Contract Vendors,

q.      P-cards.

13.     Copy of all documentation regarding salary increases for Terri Catlett, Gary Junker, Janet Thomas, Debra Fitzgerald, George Solomon, David Guice, Carlton Joyner, Kenneth Lassiter, Gwen Norville, Eric Hooks, Tim Moose, Twyla Philyaw, Trish Deal, Marc Edwards, Astrid Amico, Kim Tomin beginning in January 2010.

14.     Documentation related to any compliance audits initiated under CPHC CEO Chad Lovett and documentation showing findings related to CPHC fixed assets and accounts payable.

15.     Copies of Janet Thomas (Brown) and Debra Fitzgerald's day-planner notes from April 1, 2016, through December 31, 2021, including Thomas' notes from December 17, 2018, meeting with Kenneth Lassiter and Plaintiff.

16.     All Employee Action Plans (EAP) and Documented Counseling Sessions (DCS) completed by Pharmacy management staff listed below beginning January 1, 2003, to March 31, 2022.

a.  James D. Carpenter (previous/retired pharmacy manager);

b.  Linda Cross (retired clinical manager);

c.  Ruth O'Neal (Finkle) (retired pharmacy technician supervisor);

d.  Crystal Carlson (retired pharmacy technician supervisor);

e.  Barbara Lee (pharmacist supervisor);

f.  Merrill (Chip) Miller (pharmacist supervisor);

g.  Deanna Nelson (previous pharmacist supervisor);

h.  Phyllis Miller (pharmacist supervisor);

i.  Janet Thomas (Brown) (as Assistant Pharmacy Director) and current Pharmacy Director;

j.  Debra Fitzgerald (Assistant Pharmacy Director).

17.  All Employee Action Plans (EAP) and Documented Counseling Sessions (DCS) completed by Health Services on executive, manager and supervisor level staff between January 1, 2009 to March 31, 2022.

18.  Copy of Debra Fitzgerald's job reference for Knechtges CEO application.

19.  Copies of documentation and communication, including but not limited reports, statements, recordings, exhibits, emails, hand-written notes, typed memos, emails:

a.      between Rueben Young and Eric Hooks and other DPS staff  regarding CPHC CEO position and associated individuals.

b.      between Sara Royster and Terri Catlett, Trish Deal, Luann Roberts, Twyla Philyaw regarding CPHC CEO position and withholding of position while Knechtges was Acting CPHC  CEO.

c.      between Luann Roberts and DPS staff regarding the three CEO postings, changes in posting, interview changes.

d.      between Terri Catlett/Gary Junker and Chad Lovett regarding dotted line supervision since Lovett began as CEO in February 2019.

e.      between Janet Thomas (Brown) and Christopher Holland from December 1, 2018, to January 30, 2020.

f.      between Janet Thomas (Brown) and Terri Catlett from April 1, 2016, through December 31, 2021.

g.      between Debra Fitzgerald and Janet Thomas between April 1, 2016, and April 30, 2022.

h.      between Rueben Young and Sara Royster regarding CPHC CEO postings and associated individuals from October 2018 until Young left his position.

i.      between Kenneth Lassiter and Rueben Young; Terri Catlett; Joy Jones; Joseph Prater; Janet

j.      between Joseph Prater and Sara Royster regarding CPHC CEO postings and associated individuals from January 1, 2017, through May 31, 2018.

k.     between Lovett, CPHC staff and Health Services staff from February 1, 2019 to March 31, 2022.

20.     All documentation verifying  Thomas and Fitzgerald Pharmacy Services had oversight over the CPHC pharmacy operation beginning March 2016 through March 2022.

21.     Paula Smith's (retired medical director ) documentation and communication about Plaintiff during her exit interview.

22.     All documentation related to Anita Wilson's positions for DPS Medical Director and CPHC Medical Director including but not limited to posting, application interview questions, interview notes, emails related to the selection process and the following forms used in each selection process for each candidate.

23.     Documentation showing Rueben Young's start date and end-date as DPS Chief Deputy Secretary for Adult Corrections and Juvenile Justice.

24.     All prisons and health services manager and supervisor positions hired starting December 2017 through August 2018.

25.     All investigations (internal and external) for misappropriation of monies at Central Prison Hospital from January 2016 through December 30, 2021.

26.     All Health Services Training and Travel authorizations (CNTR 001 and 001a) and associated costs between April 1, 2019, and September 30, 2019.


27.     Documentation for Valerie Langley's Director of Informatics and DPS Director of Nursing positions to include all qualified candidates; including but not limited to posting, application interview questions, interview notes, emails related to the selection process and the following forms used in each selection process for each candidate.

Respectfully submitted, this 20th day of April 2022.

/S/ VALERIE BATEMAN
NEW SOUTH LAW FIRM
NC State Bar: 13417
209 Lloyd Street, Ste 350
Carrboro, NC  27510
919-810-3139
valerie@newsouthlawfirm.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** was served email on the following individuals:

Bryan Nichols
Assistant Attorney General
N.C. Department of Justice
bnichols@ncdoj.gov

This 20th day of April 2022.

/S/ VALERIE BATEMAN
NEW SOUTH LAW FIRM
*Counsel for Plaintiff*

# EXHIBIT A

## INSTRUCTIONS AND DEFINITIONS FOR DISCOVERY REQUESTS

**INSTRUCTIONS**

1.  Pursuant to Rule 36 of the Federal Rules of Civil Procedure (N.C. R. Civ. P.), you must, within thirty (30) days of receipt of these requests: (1) move for relief from the requests; (2) provide a written answer or objection addressed to each request; or (3) offer a schedule for reasonable compliance with the requests.

2.  If you do not respond to the requests for admission within the necessary time frame pursuant to the Rules, the matters to which these requests are directed will be considered to have been admitted and will be used as evidence against you at the hearing. You are also informed that if you answer these requests incompletely, evasively, or in bad faith, Plaintiff may move that the matters be deemed admitted and that you be required to pay any expenses incurred by Plaintiff in proving the facts or other matters to which the requests for admission are directed as provided under F.R. Civ. P. 37.

3.  If you need to qualify or deny only a portion of a request for admission, you should specifically identify which portion of the request is admitted and which portion is denied. Lack of information or knowledge as a reason for failure to admit or deny is not sufficient response unless you state that you have made a reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the request. You may not object to a request based solely upon your consideration that the matter presents a genuine issue for trial. You may,

*Judith Knechtges v. NC DPS et al,  5:21-CV-00225-BO*
Exhibit A:  Discovery Requests Definitions and Instructions                                    Page 1
Case 5:21-cv-00225-BO   Document 27-1   Filed 10/07/22   Page 13 of 38

subject to Rule 37(a), deny the matter or set forth the reasons why you cannot admit or deny the matter.

4.    If you cannot fully answer any interrogatory or part thereof, you should answer to the extent possible and state the reason for your inability to provide a complete answer. If you cannot provide the exact information requested, provide your best approximation of the information requested.

5.    If information is being withheld in response to an interrogatory on a claim of privilege, please identify the circumstances which you contend support such a claim.

6.    If a document requested is being withheld on the basis of a claim of privilege or attorney work product, please identify the document which is being withheld and the circumstances which you contend support such a claim.

7.    The written interrogatories are continuing in nature until the date of the hearing, and you are required to serve supplemental answers as additional information becomes available to you.

8.    Whenever documents are requested, the request includes all documents in the possession, custody or control of your present and former trustees, directors, officers, employees, agents, representatives, officials, and, unless privileged, your attorneys.

9.    If a document which would have been responsive to this request has been destroyed or discarded, please provide the date of the document or, if it has no date, the date the document was prepared; a description of the form of the document (e.g., letter, memorandum, etc.) and the number of pages in the document; the document's title, if any; a general description of the document's contents; the identity of the

*Judith Knechtges v. NC DPS et al, 5:21-CV-00225-BO*
Exhibit A: Discovery Requests Definitions and Instructions                Page 2
Case 5:21-cv-00225-BO   Document 27-1   Filed 10/07/22   Page 14 of 38

document's author; the identities of the addressee and all other persons receiving copies of the document; the identity of the document's last known custodian; the document's last known location; and the date the document was destroyed or discarded and the reason the document was destroyed or discarded.

10.    Produce each document in its entirety, without abbreviation or expurgation.

11.    Produce the documents in the form in which they are kept in the usual course of your business.


**DEFINITIONS**

1.    As utilized herein, "Department" or "Defendant NC DPS" or "Agency" refers to the Department of Public Safety, and includes its current and former officials, agents, representatives, Trustees, and employees.

2.    As utilized herein, "Plaintiff" shall refer to Judith Knechtges.

3.    As utilized herein, "CPHC CEO" shall refer to the Central Prison Health Care Complex Chief Executive Officer.

4.    As utilized herein, "first posting" shall refer to the first posting of the CPHC CEO position; "second posting" shall refer to the second posting of the CPHC CEO position; and "third posting" shall refer to the third posting of the CPHC CEO position.

5.    As utilized herein, "OSI" shall refer to the Defendant NC DPS's Office of Special Investigations.

6.    As utilized herein, "DEA" shall refer to the United States Drug Enforcement Administration.

*Judith Knechtges v. NC DPS et al, 5:21-CV-00225-BO*
Exhibit A:  Discovery Requests Definitions and Instructions                                   Page 3
Case 5:21-cv-00225-BO   Document 27-1   Filed 10/07/22   Page 15 of 38

7.  As utilized in the discovery requests, "EEO" Office shall refer to the Defendant's Equal Employment Opportunity office that investigates allegations of discrimination and retaliation.

8.  As utilized in the discovery requests, "JCAHO" shall refer to the "Joint Commission on Accreditation of Healthcare Organizations."

9.  As utilized in the discovery requests, "PREA" shall refer to the "Prison Rape Elimination Act."

10. As utilized in the discovery requests, "OPUS" shall refer to the data management information system used by NCDPS.

11. As utilized in the discovery requests, "ATG" and "HERO" shall refer to software applications used by NCDPS for healthcare documentation.

12. "Document" shall mean all items subject to discovery under N.C. R. Civ. P. 26 and 34, including, but not limited to any written or recorded material of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise; notations of any sort of conversations, telephone calls, meetings or other communications; all graphic or oral records or representations of any kind; and mechanical or electronic records or representations of any kind including tapes, cassettes, disks or records.

13. "Person" and "persons" shall mean any individual; sole proprietorship; partnership; foundations; trust; corporation; division; firm; board; business entity; joint venture; federal; state; county or city government; federal; state; county or

*Judith Knechtges v. NC DPS et al, 5:21-CV-00225-BO*
Exhibit A:  Discovery Requests Definitions and Instructions                    Page 4
Case 5:21-cv-00225-BO   Document 27-1   Filed 10/07/22   Page 16 of 38

city agency; or any other entity; agency; committee or commission; incorporated or unincorporated association; organization or group.

14. "You" or "your" means Respondents and includes employees, officials, agents, Trustees, and representatives.

15. Person (Natural and not Natural Persons): "Identify" or "identity" as used with respect to a person means to state the person's full name and present address and his present or last known employment position and business affiliation if a natural person, and corporate or other status and address, if applicable, and if not a natural person the exact name of the entity, including official address, nature of business entity or association.

16. Document: "Identify" or "identity" when used in reference to a document means to state the following as to each document:

   a. Its nature and contents;

   b. Its date;

   c. The name, address and position of its author or signer;

   d. The name, address and position of its addressee, if any;

   e. Its present location and the name, present address and position of the person or persons having present custody; and

   f. Whether it has been destroyed, and if so, with regard to such destruction;

      i. the date of destruction;

      ii. the reason for destruction; and

      iii. the identity of the person who destroyed the document.

*Judith Knechtges v. NC DPS et al,  5:21-CV-00225-BO*
Exhibit A:  Discovery Requests Definitions and Instructions                                    Page 5
Case 5:21-cv-00225-BO   Document 27-1   Filed 10/07/22   Page 17 of 38

17. Oral Communication: "Identify" when used in reference to an oral communication, means to state the following as to each communication:

    a.    form of the communication, e.g., remark, statement, telephone conversation, face-to-face conversation, person-to-person conversation, etc.;

    b.    the date of the communication;

    c.    the identity of the parties to the communication; the substance of the communication; and

    d.    the identity of the persons in whose presence the communication was made or who otherwise overheard the communication.

18. Act or Acts: "Identify" when used in reference to an act or acts means to state the following as to each act:

    a.    date of the act,

    b.    the time of day upon which it occurred,

    c.    the location of the act,

    d.    what was said and done, and

    e.    by whom, and

    f.    all persons present when the act occurred.

12. "Describe" or "Explain" or their conjugates means to provide a narrative statement of the matter in question, identify sources of information relating to the matter, identify persons involved or who have knowledge of the matter, state the

*Judith Knechtges v. NC DPS et al,  5:21-CV-00225-BO*
Exhibit A:  Discovery Requests Definitions and Instructions    Page 6
Case 5:21-cv-00225-BO   Document 27-1   Filed 10/07/22   Page 18 of 38

substance of each person's knowledge, summarize the actions of each person who participated in the matter, and identify documents.

13.     With respect to words used in these discovery requests which are not specifically defined above, please note that the words have been chosen for their common meaning.  Please resolve any doubt you may have about the meaning of a word in favor of an interpretation which gives reasonable meaning to the discovery request.

*Judith Knechtges v. NC DPS et al,  5:21-CV-00225-BO*
Exhibit A:  Discovery Requests Definitions and Instructions                    Page 7
Case 5:21-cv-00225-BO   Document 27-1   Filed 10/07/22   Page 19 of 38

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No. 5:21-CV-00225-BO

| | | |
|---|---|---|
| JUDITH KNECHTGES, | ) | |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S** |
| | ) | **REQUEST FOR** |
| v. | ) | **ADMISSIONS** |
| | ) | |
| N. C. DEPARTMENT OF PUBLIC | ) | |
| SAFETY, *et al.* | ) | |
| | ) | |
| Defendant. | ) | |
| | ` | |

Plaintiff Judith Knechtges herewith serves upon Defendant N.C. Department
of Public Safety the following written Requests for Admission pursuant to F. R. Civ.
P. 36. These answers are hereby requested to be made within 30 days from the service
of this request. This discovery request incorporates Exhibit A (Instructions and
Definitions) into this document.

1. Admit that Plaintiff was the highest rated applicant selected by the interview
   team after the interviews for the CPHC CEO position conducted for the first
   posting of the position.

**RESPONSE:**

2.      Admit that Plaintiff was the highest rated applicant selected by the interview

team after the interviews for the CPHC CEO position for the second posting of

the position.

**RESPONSE:**

3.  Admit that Chad Lovett applied and was interviewed for the CPHC CEO

    position when it was posted the third time.

**RESPONSE:**

4.     Admit that the interview team for the CPHC CEO position when it was posted

for the second time ranked Chad Lovett "BA" or "below average."

**RESPONSE:**

5.     Admit that Knechtges was selected for the CPHC position after the first and

       second posting.

**RESPONSE:**

6.    Admit that Chad Lovett is younger than Plaintiff, and White, and Male.

**RESPONSE:**

7.      Admit that Greta Bethea asked Ms. Knechtges if she spoke Spanish during her the EEO interview on April 15, 2021, when she was inquiring about Plaintiff's allegation of race discrimination (Hispanic).

**RESPONSE:**

8.    Admit that Greta Bethea told Plaintiff that Chad Lovett's comment to Plaintiff
that he was shocked to find out how old she was should have been considered a
compliment.

**RESPONSE:**

9.     Admit that Eurgia Land, M.D. told Plaintiff during her OSI interview that if she did not like what was happening to her, she should leave her job with Defendant NC DPS.

**RESPONSE:**

10. Admit that Eurgia Land, M.D. told Plaintiff during her OSI interview that she did not look "Mexican."

**RESPONSE:**

11. Admit that after an investigation into missing controlled substances at the CPHC resulted in a fine by the DEA was conducted, none of the following individuals received any disciplinary action: Kenneth Lassiter, Paula Smith, Faye Duffing, Carlton Joyner, William Lucas, Karen Marlowe.

**RESPONSE:**

12.     Admit that Kathy Rhyne (controlled substance pharmacist) was directed to not provide loss information to Pharmacy Services.

**RESPONSE:**

13. Admit that second and third postings for the CPHC CEO position were identical.

**RESPONSE:**

14. Admit that Dean Doerring engaged in non-State work during work hours while serving as CPHC CEO.

**RESPONSE:**

16. Admit that Chad Lovett worked on his PhD during work hours while serving as CPHC CEO.

**RESPONSE:**

18. Admit that Chad Lovett engaged in secondary employment during work hours while serving as CPHC CEO.

    **RESPONSE:**


19. Admit that Chad Lovett provided false information in his responses to supplemental questions.

    **RESPONSE:**


20. Admit that familiarity with the JCAHO process was offered as a reason not to hire Plaintiff.

**RESPONSE:**


21. Admit that Plaintiff had JCAHO experience.

**RESPONSE:**


22. Admit that NC DPS had made a decision not to pursue JCAHO accreditation prior to the third posting and interview.

**RESPONSE:**

24.     Admit that Paula Smith, M.D. never worked with Plaintiff.

**RESPONSE:**

25.     Admit that Defendant posted and filled positions between January 1, 2018, and

        August 31, 2018.

**RESPONSE:**

26.     Admit that Defendant approved Health Services Training and Travel

        authorizations (CNTR 001 and 001a) and associated costs between April 1,

        2019, and September 30, 2019.

**RESPONSE:**

Respectfully submitted, this the 20th day of April 2022.

/S/ VALERIE BATEMAN
NEW SOUTH LAW FIRM
NC State Bar: 13417
209 Lloyd Street, Ste 350
Carrboro, NC 27510
919-810-3139
valerie@newsouthlawfirm.com
*Counsel for Plaintiff*

- 18 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT NCDPS** was served by emailing the same to opposing counsel listed below:

Bryan Nichols
Assistant Attorney General
bnichols@ncdoj.gov

This the 20th day of April 2022.

/S/ VALERIE BATEMAN
NEW SOUTH LAW FIRM
*Counsel for Plaintiff*