THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-00225-BO

| | |
|---|---|
| JUDITH KNECHTGES, | ) |
| Plaintiff, | ) PROTECTIVE ORDER |
| v. | ) |
| NC DEPARTMENT OF PUBLIC SAFETY, et al., | ) |
| Defendants. | ) |

In order for Defendants to respond to Plaintiff's discovery requests, they have, or will be, required to produce information (which term includes data or data compilations in the form of documents, electronic media, testimony, or any other form or medium) that is otherwise confidential. It is anticipated that some portion of the confidential information relates to current or former employees of the Department of Public Safety ("DPS"), including Plaintiff, or Defendants.

This confidential information ("Confidential Information") is expected to include Information contained in "personnel files", as defined in N.C.G.S. §126-22; "Protected Health Information" as defined in 45 C.F.R. § 160.103; "Personally Identifiable Information", as defined in 45 C.F.R. § 75.2; Information protected by the Family Education Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g and The Health Insurance Portability and Accountability Act (HIPAA) Personal financial

records, telephone records, and e-mail records of current or former employees and contractors of the Department; Other non-public information as provided in N.C.G.S. § 132-1.7; and/or Information that is potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a protective order under Rule 26(c)(1) of the Rules of Civil Procedure.

In light of the confidentiality of this material, and in an effort to protect that confidentiality, Defendants require the entry of an order to release the Confidential Information and to ensure that the Confidential Information is not disclosed or used for any purpose other than in connection with this litigation. In the interests of justice and to further the legitimate causes of this litigation, Defendants agree to disclose the Confidential Information in their possession, custody, or control, subject to the conditions set forth herein and adopted by the Court.

Accordingly, it is hereby **ORDERED** that:

1. Scope of the Order. This Order applies to all information produced by Defendants in response to Plaintiff's discovery requests and thereafter in the course of the prosecution or defense of this action, provided that the presiding judicial officer shall determine the procedure for presentation of Confidential Information at pre-trial hearings and trial.

2. Use of Confidential Information. All Confidential Information, as defined in this Order, shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, any

2

other settlement process, and all other pretrial, trial, and post-trial proceedings in this action, and shall not be used or disclosed by any person for any other purpose.

3. Disclosure. "Disclose" or "disclosure" means to provide, impart, transmit, transfer, convey, publish, or otherwise make available.

4. Confidential Information.: Documents and/or information may be produced and designated as "Confidential" pursuant to this Order if a party (including a third party producing documents pursuant to subpoena) has a legitimate reason to maintain that document or information as confidential and qualifies for protection under Rule 26(c) of the Federal Rules of Civil Procedure. Without limiting the generality of the foregoing, confidential information includes, but is not limited to:

1) Any personnel files, as that term is defined in N.C.G.S. § 126-22(3), maintained by DPS, excluding personal information as described in Paragraph 4(b)(1).

2) "Protected Health Information" as defined in 45 C.F.R. § 160.103; "Personally Identifiable Information", as defined in 45 C.F.R. § 75.2;

3) Information protected by the Family Education Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g and The Health Insurance Portability and Accountability Act (HIPAA)

3

4) Personal financial records, telephone records, and e-mail records of current or former employees and contractors of the Department;

5) Other non-public information as provided in N.C.G.S. § 132-1.7; and/or Information that is potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a protective order under Rule 26(c)(1) of the Rules of Civil Procedure.

5. <u>Disclosure of Confidential Information</u>. Confidential Information shall not be disclosed to anyone except:

a. The court and its personnel;

b. The parties to this action;

c. Counsel for the parties to this action and employees of said counsel;

d. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 8; and

e. Court reporters or videographers engaged to record depositions, hearings, or the trial in this action.

4

6. <u>Withdrawal of Plaintiff's Counsel</u>. In the event that counsel for Plaintiff withdraws from representation during the pendency of this litigation and Plaintiff proceeds *pro se*, any Attorneys' Eyes Only Confidential Information disclosed to counsel for Plaintiff may not thereafter be disclosed to Plaintiff, except upon written consent of defense counsel or by order of the court upon a motion for good cause shown, and only after Plaintiff has signed a Confidentiality Agreement, attached as Exhibit A, and returned it to counsel for Plaintiff.

7. <u>Confidentiality Agreements</u>. Before Confidential Information is disclosed to any person described in Paragraphs 5(d) of this Order, counsel for the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A. Counsel for the party disclosing the Confidential Information to said person shall maintain the original Confidentiality Agreement and need not produce it except by agreement of the parties or upon order of the court.

8. <u>Designation of Confidential Information</u>. Information shall be designated as Confidential Information in the following manner:

    a.    In the case of information reduced to paper form, the designation shall be made:

5

(1) by placing the appropriate legend, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", on each page containing such information or;

(2) by such other means as agreed to by the parties. The party disclosing the information shall designate the documents as confidential at or before the time of disclosure. A party may make the designation with respect to information disclosed by another party by a writing directed to the producing party's counsel. The producing party's counsel shall then be responsible for labeling the designated information as provided herein.

b. Information on a computer disk, data tape, or other medium that has not been reduced to paper form shall be designated as Confidential Information:

(1) by informing counsel for the parties to this action in writing that the computer disk, data tape, or other medium contains such Confidential Information and, where applicable, specifying by Bates or other page number the particular information being designated or;

(2) by such other means as agreed to by the parties. To the extent practicable, such physical medium should also be labeled using the appropriate legend. Any party receiving Confidential

6

Information designated under this Paragraph 9(b) shall then be responsible for appropriately labeling any printed version(s) of such information that it creates.

c. In the case of deposition testimony, any party may designate information disclosed during a deposition as General Confidential Information by either:

(1) identifying on the record at the deposition the information that is to be treated as Confidential Information or;

(2) marking the portions of the deposition transcript to be designated as Confidential Information within 21 days after receipt of the transcript. When the deponent and the attending parties do not agree to waive the reading, correcting, and signing of the transcript, all information disclosed during a deposition shall be treated as Confidential Information before the expiration of the 21-day period unless otherwise agreed by the parties and the deponent. If any deposition testimony or any document or information used during the course of a deposition is designated as Confidential Information, each page of the deposition transcript containing such information shall be labeled with the appropriate legend specified in Paragraph 9(a), and the first page of the deposition transcript shall be labeled in a manner that

7

makes it readily apparent that the transcript contains Confidential Information.

    d.    Any other information that is not reduced to physical form or cannot be conveniently labeled shall be designated as Confidential Information by serving a written notification of such designation on counsel for the other parties. The notice shall, where applicable, specify by Bates or other page number the particular information being designated.

10. <u>Disputes over Designations</u>. If any party objects to the designation of any information as confidential, counsel for the objecting party and counsel for the designating party shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting party may move the court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the court issues a final ruling that the information does not qualify for such a designation. The nonfiling by the objecting party of a motion for relief shall not be deemed an admission that the information in question qualifies for the disputed designation.

11.    <u>Inadvertent Disclosure of Confidential Information</u>.    Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the

information inadvertently disclosed if promptly called to the attention of counsel for each receiving party.

12. <u>Filing of Confidential Information Under Seal</u>. When filing a document marked "Confidential Information", the filing party must comply with Local Civil Rule 6.1.

13. <u>Authors/Recipients</u>. Except as specifically provided herein, this Order shall not limit use by a party of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

14. <u>Return of Confidential Information</u>. Following the conclusion of this action, including any appeals, a party that produced Confidential Information may request in writing its return by any other party. Within 60 days after service of such a request, any party that received the Confidential Information shall either return it to counsel for the producing party or destroy it, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the court or a motion for relief from this Paragraph 14 is pending. If a receiving party elects to destroy the Confidential Information rather than returning it to the producing party, counsel for the receiving party shall provide to the producing party by the 60- day deadline a signed certification that the Confidential Information has been destroyed. This Paragraph shall not be construed to require the return or destruction of any regularly-maintained litigation files held by the attorneys of record or former

attorneys of record for each party as archival records or other attorney work-product created for any party. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this Paragraph shall remain subject to the terms of this Order. The return of trial exhibits by the court shall be governed by Local Civil Rule 79.1.

15. <u>Admissibility of Information</u>. Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate the admissibility under the Federal Rules of Evidence of any information subject to this Order.

16. <u>Confidential Employee Information</u>. Pursuant to N.C.G.S. § 126-24(4), this Order authorizes the disclosure of confidential portions of the personnel files maintained by the DPS of current or former employees in accordance with the terms of this Order.

17. <u>Disposition of Protected Materials</u>. Pursuant to the Court's Case Management Order, paragraph E, notwithstanding any other provisions in this Protective Order, the ultimate disposition of protected materials are subject to a final order of the Court on the completion of litigation.

18. <u>Modification</u>. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

19. <u>Challenging Confidentiality.</u>  Acceptance by a party of any information, document, or thing identified as "Confidential" by another party to this action pursuant to this Order shall not constitute a concession that the information, documents, or things are Confidential Materials. Counsel for the Parties shall serve written notice of any objections to specific designations upon the other party within thirty (30) days of receipt of such information, documents, or things. Counsel shall first attempt to resolve any disputes of confidentiality between themselves. If Counsel are unable to agree on any such issue, counsel seeking protection of a document must bring the issue before the Court within twenty (20) days of receipt of any written notice of any objections. No disclosure of such information shall occur pending resolution of any dispute under this paragraph except as permitted under Paragraph 5 of this order.

20. <u>Right to Object.</u>  Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All Parties retain the right to apply to the Court for an order affording additional protection to Confidential Materials as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

21.    <u>Disclosure.</u> Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, materials or other information which is already lawfully in the possession of that party.

11

22. <u>Effective Date</u>. This Agreement shall be effectively immediately and shall survive the conclusion of this lawsuit.

IT IS SO ORDERED, this the __3__ day of __January__, 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge