IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-225-BO

| | |
|---|---|
| JUDITH KNECHTGES, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )    ORDER<br>) |
| NC DEPARTMENT OF PUBLIC<br>SAFETY, et al., | )<br>)<br>) |
| Defendants. | ) |

This matter is before the court on Plaintiff's motion to compel discovery and for expenses, [DE-27], and Defendants' motion to extend the dispositive motions deadline, [DE-30]. Plaintiff and Defendants, respectively, oppose the motions. [DE-31, -32]. For the reasons that follow, Plaintiff's motion is denied as moot and Defendants' motion is allowed in part.

Plaintiff served discovery requests on Defendants on April 20, 2022. [DE-27-1]. The parties on June 28, 2022, moved the court to extend the discovery and motions deadlines in order to complete discovery and attempt to reach a global resolution in this and several related cases in various stages at the North Carolina Court of Appeals, the North Carolina Office of Administrative Hearings and the U.S. Equal Employment Opportunity Commission. [DE-18]. The motion did not address Plaintiff's outstanding discovery requests. The court extended the discovery deadline to August 27, 2022, and the motions deadline to September 27, 2022. [DE-19]. The case did not settle at mediation on August 17, 2022, but the mediation was held open until September 14, 2022, when the mediator declared an impasse. [DE-22, -23].

On September 27, 2022, Defendants sought an extension of the motions deadline to October 18, 2022, based in part on defense counsel's optimism that the case would still settle and the need to finalize materials in support of a summary judgment motion. [DE-24]. On October 3, 2022, Plaintiff filed a response in opposition to the motion, which noted that Defendants had not responded to Plaintiff's discovery requests despite an August 5, 2022 email from defense counsel stating that responses would be forthcoming. [DE-25]. The court extended the motions deadline to October 18, 2022. [DE-26]. On October 7, 2022, having received no discovery responses from Defendants, Plaintiff filed the instant motion to compel. [DE-27]. On October 21, 2022, Defendants responded that on that day they served their responses to Plaintiff's discovery requests. [DE-32].

The motion to compel is denied as moot, given Defendants have now responded to the discovery requests. The parties shall bear their own expenses in connection with the motion, as the court finds that the circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5). The court notes that "[i]t is well established in this district that, as a general matter, motions to compel must be filed before the end of the discovery period." *Williams v. AT&T Mobility*, No. 5:19-CV-00475-BO, 2022 WL 2821922, at *2–3 (E.D.N.C. July 19, 2022) (collecting cases). Discovery closed on August 27, 2022, but Plaintiff did not raise the issue of Defendants' failure to respond to her discovery requests until October 3, 2022, and did not file the motion to compel until four days later. Thus, while the court does not condone Defendants' failure to timely respond to Plaintiff's discovery requests, Plaintiff failed to timely raise the matter with the court and also failed to certify that Plaintiff attempted to resolve the dispute prior to filing the motion to compel as required by Local Civil Rule 7.1(c)(2), and the court in its discretion declines to award expenses.

Defendant seeks another extension of the motions deadline, citing a pending decision in a related case that could impact this action, the need to review discovery produced by Plaintiff, the pending instant motion to compel, a then pending motion for protective order that has since been allowed, and the need for additional time to complete supporting documents for a summary judgment motion. [DE-30]. Plaintiff opposed the motion, noting that Defendants had not yet provided discovery responses. [DE-31]. On November 18, 2022, Defendants filed a motion to disqualify Plaintiff's counsel and a motion to stay the case pending ruling on the motion to disqualify, which are submitted to the presiding district judge. [DE-33, -35]. Given the motion to disqualify Plaintiff's counsel, the court will extend the deadline to file potentially dispositive motions pending ruling on the motion to disqualify and motion to stay.

SO ORDERED, the 5 day of January 2023.

Robert B. Jones, Jr.
United States Magistrate Judge