IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-225-BO

JUDITH KNECHTGES,       )
          Plaintiff,    )
                        )
v.                      )                    O R D E R
                        )
N.C. DEPARTMENT OF PUBLIC )
SAFETY, *et al.*,       )
          Defendants.   )

This cause comes before the Court on defendants' motion to disqualify the New South Law

Firm and attorney Valerie Bateman from representing plaintiff pursuant to Rules 1.9 and 3.7 of

the North Carolina Rules of Professional Conduct, Rule 7(b) of the North Carolina Rules of Civil

Procedure, and the inherent power of the court. Defendants further seek a stay of this matter until

the Court has ruled on the motion to disqualify and to allow plaintiff to find a new attorney.

Plaintiff has responded to the instant motions and the matters are ripe for ruling. For the reasons

that follow, the motion to disqualify is denied and the motion to stay is denied in part as moot.

BACKGROUND

Plaintiff instituted this action on May 17, 2021, by filing a complaint against her employer

alleging claims under Title VII of the Civil Rights Act of 1964, as amended, and the Age

Discrimination in Employment Act, as amended. Plaintiff alleges that she was discriminated

against on the basis of her sex and age when she was denied a promotion and that she suffered

retaliation and a hostile work environment after she complaint about discrimination. Plaintiff

further alleges claims under 42 U.S.C. § 1983 for violations of her equal protection and free

expression rights under the United States Constitution, as well as a claim for violations of her

rights protected by the North Carolina Constitution. Plaintiff is a pharmacist who in 2010 became the pharmacy director for the Central Prison Healthcare Complex (CPHC) Facility. Plaintiff was later selected as interim Chief Executive Officer (CEO) for the CPHC. Plaintiff's claims arise from her non-selection for the permanent CEO position.

Defendants now contend that, in the midst of discovery, they have learned of an alleged conflict between Attorney Bateman, who represents plaintiff in this matter, and defendants. Specifically, defense counsel argues that Attorney Bateman was previously employed as general counsel for defendant Department of Public Safety, whose duties included employment litigation and advising defendant Secretary Eric Hooks. Defense counsel further contends that plaintiff has filed prior administrative actions regarding her non-selection for the CEO position at issue in this case, and that during one of those administrative proceedings Attorney Bateman was listed by plaintiff as a potential witness in her case pending before the Office of Administrative Hearings. Defendants contend that Attorney Bateman and her law firm should be disqualified from representing plaintiff in this matter.

## DISCUSSION

The question of whether counsel should be disqualified is a matter within the discretion of the district court. *United States v. Williams*, 81 F.3d 1321, 1324 (4th Cir. 1996). The determination requires that a court balance "(1) the right of a party to retain counsel of his choice; and (2) the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system." *Plant Genetic Systems, N.V. v. Ciba Seeds*, 933 F.Supp. 514, 517 (M.D.N.C. May 24, 1996). The "drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights to freely choose their counsel; and that they always remain mindful of the opposing possibility of

2

misuse of disqualification motions for strategic reasons." *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 145–46 (4th Cir. 1992).

In their motion to disqualify, defendants rely on North Carolina Rules of Professional Conduct (RPC) 1.9, which deals with duties to former clients, and 3.7, which deals with lawyers as witnesses. It is undisputed that Attorney Bateman was employed as an attorney for the North Carolina Department of Public Safety (NCDPS) from approximately 2015 until she left that position on February 28, 2018. Attorney Bateman further acknowledges that, while an attorney for NCDPS, she worked with plaintiff on personnel matters that arose while plaintiff was interim CEO of the CPHC. [DE 36-2 ¶ 3]. Attorney Bateman further states that she was not involved in the CEO position posting or selection process and that she did not discuss plaintiff's application for the permanent CEO position while Bateman was employed by NCDPS. *Id.* ¶ 4.

RPC 1.11 addresses "special conflicts of interest for former and current government officers and employees." It provides that former government attorneys, such as Attorney Bateman, are subject to RPC 1.9(c) and "shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public . . . employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation." RPC 1.11(a)(1)-(2). RPC 1.9(c), which concerns duties to former clients, provides that

> A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information is contained in the public record, was disclosed at a public hearing, or was otherwise publicly disseminated; or
>
> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client. A lawyer may disclose information

3

otherwise covered by Rule 1.6 that is contained in the public record, was disclosed at a public hearing, or was otherwise publicly disseminated unless the information would likely be embarrassing or detrimental to the client if disclosed.

RPC 1.9(c).

The Court determines, consistent with the arguments of plaintiff's counsel, that Attorney Bateman's representation of plaintiff in this case does not violate the Rules of Professional Conduct. Defendants' motion does not identify any information in Attorney Bateman's possession which could be used to their disadvantage, embarrassment, or detriment. Defendants have further failed to show that Attorney Bateman participated "personally and substantially" in any matter which is related to her representation of plaintiff while she was at NCDPS. Indeed, any suggestion thereof has been rebutted by Bateman's affidavit.

Finally, there is not a sufficient basis on which to conclude that Attorney Bateman would be a material witness in this case. RCP 3.7(a) provides that

A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.

*Id.* "A necessary witness is one whose evidence is material to issues in litigation, and which cannot be obtained elsewhere." *Metro. P'ship, Ltd. v. Harris*, CIV. A. 3:06CV522-W, 2007 WL 2733707 (W.D.N.C. Sept. 17, 2007) (citing *Cunningham v. Sams*, 161 N.C.App. 295, 298 (2003)).

Attorney Bateman was one of a number of potential witnesses listed in plaintiff's administrative proceeding as having knowledge of plaintiff's work while interim CEO, knowledge or information regarding the facts alleged in the petition, and individuals with whom plaintiff had at any time discussed the petition, the grounds for the petition, or a belief that NCDPS acted

4

illegally or unlawfully toward plaintiff. [DE 34-1]. No specific information regarding the knowledge held by any of the individuals listed by plaintiff in her administrative petition is given. Plaintiff's affidavit indicates that she did not discuss her CEO application with Attorney Bateman while Bateman was employed by NCDPS. [DE 36-1 ¶ 3]. And, importantly, Attorney Bateman left her position as Assistant General Counsel in February 2018, months before the CEO selection decision was made December 2018. Based upon the record before the Court, any evidence Attorney Bateman could offer can be obtained from other witnesses.

Based upon the foregoing, the Court determines that Attorney Bateman has not violated the North Carolina Rules of Professional Conduct by engaging in the representation of plaintiff in this case. Defendants have further failed to otherwise establish that her disqualification is warranted. "A motion to disqualify essentially involves a two-part test. The movant must establish the following: (1) an attorney-client relationship existed with the alleged former client; and (2) the former representation and the current controversy must be substantially related." *Ciba Seeds*, 933 F. Supp. at 517. In the context of a motion to disqualify, substantially related "has been interpreted to mean 'identical' or 'essentially the same.'" *Id.* at 518 (citation omitted).

Defendants have not shown that Attorney Bateman's former representation of NCDPS and the current controversy are substantially related. Attorney Bateman has demonstrated that she has no information from her prior employment about the CEO candidate selection issue involved in this case. Defendants recite that the extent of any insider information held by Attorney Bateman "is not completely clear," but that is an insufficient basis on which to order her disqualification. [DE 34 p. 4].

Finally, as counsel for plaintiff argues, the instant motion is untimely and defendants have therefore waived the issue. *See Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*,

5

436 F. Supp. 3d 870, 875 (E.D. Va. 2020) (listing factors to be considered in determining waiver). Attorney Bateman has represented plaintiff since the inception of this case in May 2021. The discovery period has commenced and closed, subject to defendants' requested extension, defendants have been represented by counsel during the pendency of this action, and there has been no assertion by defendants that they did not know of Attorney Bateman's prior employment until recently. The documents on which defendants rely, namely the interrogatory responses, have also been in their possession. Defendants have simply failed to sufficiently account for not having raised this issue earlier in the litigation. Accordingly, the Court determines the issue waived.

In sum, the Court has considered the arguments and the evidence presented and determines that defendants have not demonstrated that Attorney Bateman should be disqualified and that permitting her to remain as counsel for plaintiff would not undermine the public perception of and trust in the judicial system. Defendants have otherwise waived the issue. The motion to disqualify is therefore denied. The motion to stay discovery pending a ruling on the motion to disqualify is also denied as moot.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to disqualify counsel [DE 33] is DENIED. Defendants' motion to stay pending a ruling on the motion to disqualify counsel [DE 35] is DENIED IN PART as MOOT. The alternative request to extend the case management deadlines is hereby REFERRED to United States Magistrate Judge Robert B. Jones, Jr.

SO ORDERED, this **2 2** day of February 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

Case 5:21-cv-00225-BO   Document 39   Filed 02/22/23   Page 6 of 6