IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:21-CV-225-BO

| | |
|---|---|
| JUDITH KNECHTGES,<br><br>    Plaintiff,<br><br>    v.<br><br>N.C. DEPARTMENT OF PUBLIC SAFETY, ERIC HOOKS, JANET THOMAS, and TERRI CATLETT,<br><br>    Defendants, | **PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY AND FOR EXPENSES** |

NOW COMES Plaintiff, by and through undersigned counsel, and files this Second Motion to Compel Discovery and for Expenses pursuant to F.R. Civ. P. 26-37 and Local Civil Rule 7.3(c) and in support of this motion, Plaintiff states as follows:

1. Counsel for Plaintiff has made a good faith effort to resolve this discovery dispute before filing this Motion to Compel Defendants to respond to Plaintiff's discovery requests by exhibiting the utmost patience with Defendants and by informing counsel the week prior to filing the motion that such a motion would be filed in the absence of receiving said responses.

2. Discovery was propounded by Plaintiff on April 21, 2022.

3. On June 28, 2022, the Parties filed a second Joint Motion to Extend the Case Management Deadlines to which Plaintiff agreed "based in part on discussions of a global settlement and conducting a mediation" [DE 18], as described by Defendants in their motion to extend the dispositive motion deadline [DE 24].

This motion to extend the case management deadlines was granted on July 5, 2022 [DE19].

4. On July 28, 2022, counsel for Defendants served discovery requests on counsel for Plaintiff to which responses were provided by Plaintiff.

5. Mediation took place on August 17, 2022, and was held open until September 14, 2022, at which time the mediator declared an impasse. [DE 25-3]

6. Defendants filed a motion to extend the deadline to file dispositive motions on September 27, 2022. [DE 24]

7. Counsel for Defendant stated in his motion to extend the dispositive motion deadline that he was optimistic the matter would settle.

8. An Order extending the deadline for dispositive motions was granted on October 7, 2022. [DE26]

9. On October 7, 2022, expecting to be served with a dispositive motion imminently, Plaintiff moved to compel the Defendants to respond to her discovery requests. [DE27]

10. On October 18, 2022, Defendants moved to extend the deadline for dispositive motions, [DE30], which Plaintiff opposed due to a lack of response to her discovery requests and no settlement overtures by Defendants, [DE31].

11. Defendants also moved for a protective order in response to Plaintiff's motion to compel the production of confidential personnel documents, [DE 29], which Plaintiff did not oppose, and which the Court granted on January 3, 2023, [DE37].

12. Despite the entry of this protective order, Defendants have still refused to produce the records sought by Plaintiff. See Exhibits 1-3, attached to this Motion.

13. On October 24, 2022, the motions were referred to Magistrate Jones.

14. While the motion to compel and motion for a protective order ere pending, Defendants moved to disqualify Plaintiff's counsel on November 18, 2022. [DE33]

15. As stated above, on January 3, 2023, the Court entered the protective order [DE37] and Magistrate entered an order denying the Motion to Compel as moot and partially granting Defendant's motion to extend the time to file dispositive motions [DE38]. Despite the presence of the protective order, Defendants have still refused to produce the information requested by Plaintiff.

16. On February 22, 2023, the Court denied Defendants' motion to disqualify Plaintiff's counsel. [DE39] The Court also denied the motion to stay as moot, and referred the motion to extend the dispositive motion deadline to Magistrate Jones, which motion was granted on February 23, 2023. [DE40]

17. On March 3, 2023, Plaintiff's counsel again reached out to Defendants' counsel and sought production of the documents requested in discovery. Defendants' counsel did not respond to Plaintiff's counsel. The undersigned was out of the country and the office from March 4 to March 13, 2023, and upon her return, began preparing this motion to compel.

18. At this point, Plaintiff's counsel is willing to waive any right to attorney's fees

if this Court will simply require Defendants to respond to the discovery requests made almost a year ago. The most important of these requests are the documents listed in Exhibit 2.

19. If Plaintiff is unable to obtain these documents, which are long overdue and which are critical to her being able to respond to Defendants' dispositive motions, Plaintiff will be greatly prejudiced in her ability to obtain the relief she has sought from the Court.

20. At a minimum, Plaintiff is entitled to the documents sought pertaining to the first and second positing of the position in which she had been working successfully for over two years and for which she was the applicant selected as most qualified by the first two interview committees for the first two postings. Upon information and belief, the documents related to the second posting will show that the younger male applicant who was finally awarded the position was deemed unqualified when he applied for the position the second time it was posted.

21. Because Defendants are aware this information is critical to Plaintiff's case they have willfully refused to produce this, and other, information sought by Plaintiff. Without this information, Plaintiff will be unable to fully respond to Defendant's dispositive motions, the deadline for which has been extended for them five times on March 9, 2022 [DE17], July 6, 2022 [DE19], October 7, 2022 [DE26], January 5, 2023 [DE38-in part], and on February 23, 2023 [DE40].

WHEREFORE, for the reasons set forth above, for the good cause shown, Plaintiff

respectfully requests that the Court grant this motion to compel and order Defendants to produce the discovery requested by Plaintiff.

Respectfully submitted, this the 16th day of March 2023.

| | |
|---|---|
| /s/ VALERIE L. BATEMAN<br>Valerie L. Bateman<br>NEW SOUTH LAW FIRM<br>209 Lloyd Street, Ste 350<br>Carrboro, North Carolina 27510<br>Tel: 919-810-3139<br>Fax: 919-823-6383<br>valerie@newsouthlawfirm.com<br>NC State Bar No. 13417<br>*Attorneys for Plaintiff* | /S/ JUNE K. ALLISON<br>June K. Allison<br>NEW SOUTH LAW FIRM<br>233 S. Laurel Avenue<br>Charlotte, NC 28207<br>Tel: 704-277-0113<br>Fax: 919-823-6383<br>june@newsouthlawfirm.com<br>NC State Bar No. 9673<br>*Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF'S SECOND MOTION TO COMPEL** was served by filing the document electronically via the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 16th day of March 202e.

/S/ VALERIE BATEMAN
NEW SOUTH LAW FIRM
*Attorney for Plaintiff*