THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH
CAROLINA WESTERN DIVISION
FILE NO. 5:21-CV-00225-BO

| | | |
|---|---|---|
| JUDITH KNECHTGES, | ) | |
| | ) | |
| Plaintiff, | ) | **FINAL MOTION FOR** |
| v. | ) | **EXTENSION OF TIME TO** |
| | ) | **RESPOND TO PLAINTIFF'S** |
| NC DEPARTMENT OF PUBLIC | ) | **SECOND MOTION TO COMPEL** |
| SAFETY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

NOW COME Defendants, NC Department of Public Safety, Eric Hooks, Janet Thomas and Terri Catlett ("Defendants") appearing by and through undersigned counsel pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, moving to extend the deadline to respond to Plaintiff's Second Motion to Compel by a final seven (7) days, up to and including April 24, 2023. In support of this motion, Defendants state as follows:

1. On May 17, 2021, Plaintiff Judith Knechtges, ("Plaintiff"), an employee of Defendant NC DPS filed a complaint in this case alleging that that she was discriminated against by Defendants by failing to promote her to the Central Prison Hospital CEO position based on her race, sex and age. [D.E. 1]

2. On August 6, 2021, Defendants filed their Answer to Plaintiff's Complaint. [D.E. 8]

3. Previously on February 22, 2019, Plaintiff filed a similar complaint in the Office of Adminstrative Hearings ("First OAH Lawsuit") also alleging that she was

1

discriminated against by Defendants by failing to promote her to the Central Prison Hospital CEO position based on her race, sex and age. This First OAH Lawsuit was voluntarily dismissed by Plaintiff after a motion for summary judgment was partially granted in DPS' favor and refiled a year later on about May 28, 2020 ("Second OAH Lawsuit"). *Judith Knechtges v. NCDPS, Office of Administrative Hearings, File Nos. 19 OSP 01028 and* 20 OSP 02124.

4. On February 25, 2021, the Administrative Law Judge found that Defendant, NC Department of Public Safety did not retaliate against Plaintiff Knechtges by selecting another applicant for the permanent Hospital Chief Executive Officer Position although Plaintiff Knechtges had served in the interim position. See ALJ Order as Exhibit 1.

5. Plaintiff filed a Rule 59 and Rule 60 motion to that Order which was denied, and appealed by Plaintiff to the North Carolina Court of Appeals, which ultimately affirmed the decision. See COA Decision as Exhibit 2.

6. On May 6, 2022, Plaintiff filed a third complaint in the Office of Administrative Hearings, ("Third OAH Lawsuit") also alleging that she was discriminated against by Defendants based on her race, sex and age, also relating to facts surrounding her central tenant of all these lawsuits that Defendants failed to promote her to the Central Prison Hospital CEO position. *Judith Knechtges v. NCDPS, Office of Administrative Hearings, File No. 22 OSP 01750*.

7. On August 8, 2022, Plaintiff filed a fourth complaint in the Office of Administrative Hearings, ("Fourth OAH Lawsuit") also alleging that she was discriminated against by Defendants based on her race, sex and age, again

relating to facts surrounding her central tenant of all these lawsuits that Defendants failed to promote her to the Central Prison Hospital CEO position. *Judith Knechtges v. NCDPS, Office of Administrative Hearings, File No. 22 OSP 3001.*

8. On June 7, 2022, Plaintiff also filed charges of discrimination with the U.S. Equal Employment Opportunity Commission alleging Plaintiff was discriminated against by Defendants based on her race, sex and age, again based on related facts to all this litigation. ("First EEOC Charge") *Judith Knechtges v. NCDPS, U.S. Equal Employment Opportunity Commision,* EEOC Charge No. 14B-2022-00033, FEPA Charge No. 22-CRD-0033.

9. On August 15, 2022, Plaintiff again filed a second set of charges of discrimination with the U.S. Equal Employment Opportunity Commission alleging Plaintiff was discriminated against by Defendants again based on her race, sex and age, based on related facts to all this litigation. ("Second EEOC Charge") *Judith Knechtges v. NCDPS, U.S. Equal Employment Opportunity Commision,* EEOC Charge No. 14B-2022-00048, FEPA Charge No. 22-CRD-0048.

10. In the First, Second, Third and Fourth OAH Lawsuits and well as this Federal Action, Plaintiff has served upon Defendants similar or duplicative discovery requests including request for production of documents, interrogatories and request for admissions. Prior counsel, representing Defendants in the OAH lawsuits have responded to Plaintiff's discovery requests including request for production of documents, interrogatories and request for admissions.

11. On or around October 5, 2022, undersigned counsel received Plaintiff's responses to Defendant's discovery, which included over four thousand one hundred and fifty five pages of documents produced (4,155) as well as responses to the interrogatories, and request for production of documents. Since Plaintiff has been an employee of DPS, much of the production were documents and information generated by DPS.

12. On October 7, 2022, Plaintiff filed a Motion to Compel Defendants to Respond to Plaintiff's Discovery Request. [27]

13. On October 18, 2022, Defendants filed their Motion for Protective Order with the Court regarding entering and Protective Order related to the production of confidential DPS documents. [D.E. 29 ]

14. On October 21, 2022, Undersigned Counsel finalized and served responses to Plaintiff's interrogatories and requests for production of documents on counsel for the Plaintiff including 3,942 pages of Bates stamped documents, and filed Defendants' Response to Plaintiff's Motion to Compel. [D.E. 32]

15. A Motion and supporting Memorandum of Law seeking to Disqualify Counsel was filed by Defendants on November 18, 2022, along with a Motion to Stay Proceedings pending resolution of the motion. [D.E. 33, 34, 35]

16. Counsel for the Plaintiff responded to the Motion to Disqualify Counsel on November 22, 2022. [D.E. 36]

17. The Protective Order was entered by Judge Boyle on January 3, 2023. [D.E. 37]

18. On March 16, 2023, counsel for the Plaintiff filed a Second Motion to Compel. [D.E. 41]

## GROUNDS FOR MOTION

19. Undersigned counsel requests a final seven day extension of time to be able to respond to Plaintiff's second motion to compel. [D.E. 41]

20. When Plaintiff filed her Complaint, she was an employee of the North Carolina Department of Public Safety ("DPS") but is now an employee of the Department of Adult Correction (DAC).

21. Undersigned counsel has been working with employees of DPS and DAC to determine what if any additional documents and information is available to be produced in response to Plaintiff's discovery request.

22. Because there has been a recent split of agencies, it has made it more difficult than usual to obtain the necessary information from the relevant DPS and DAC employees.

23. Effective January 1, 2023, pursuant to North Carolina Session Law 2021-180, the Department of Adult Correction (DAC) was established as a single, unified cabinet-level department which is separate and distinct from DPS. As part of this legislative action, some DPS employees working in the former DPS Division of Adult Correction and Division of Administration work units were transferred from DPS to DAC to form and support the newly established department. Plaintiff's position was transferred to DAC as part of this legislative action. Plaintiff is no longer an employee of Defendant DPS but now of DAC.

24. The creation and split of DPS and DAC, at the beginning of 2023, creating a new cabinet level agency has made certain tasks more complicated and time

consuming like meeting to determine discovery responses.

25. Furthermore, undersigned counsel was out sick for a period of time which has caused delay.

26. Additionally, undersigned counsel currently has an extremely heavy litigation load with countless deadlines in federal, state and administrative courts which have caused delay. This heavy litigation load has been increased with an additional attorney recently leaving and undersigned counsel being required to take on some of their cases further increases the heavy litigation caseload.

27. Undersigned counsel is not filing this motion for purpose of delay but for the necessary time needed based on the restraints he is facing to continue.

28. Undersigned counsel is unaware of opposing counsel's position regarding this motion but recognizes that opposing counsel has opposed prior motions for extension of time.

WHEREFORE, for the reasons set forth above, for the good cause shown, Defendants respectfully request that the Court enter a final order extending the deadline to respond to Plaintiff's Motion to Compel by seven days, up to an including Monday, April 24, 2023.

This the 18th day of April 2023.

JOSHUA H. STEIN
ATTORNEY GENERAL

/s/ Bryan G. Nichols
_____Bryan G. Nichols
Assistant Attorney General

6

Case 5:21-cv-00225-BO   Document 45   Filed 04/17/23   Page 6 of 7

N.C. State Bar No. 42008
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6568
Facsimile: (919) 716-6761
E-E-mail:
bnichols@ncdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the foregoing **Motion of Extension of Time to Respond to Plaintiff's Second Motion to Compel** with the Clerk of the Court utilizing the CM/ECF system, which will provide electronic notification to Plaintiff's counsel of record as follows:

>Valerie Bateman
>New South Law Firm, P.C.
>209 Lloyd Street, Suite 350
>Carrboro, NC 27510
>valerie@newsouthlawfirm.com

This the 18th day of April 2023.

/s/ Bryan G. Nichols
Bryan G. Nichols
Assistant Attorney General