THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH
CAROLINA WESTERN DIVISION
FILE NO. 5:21-CV-00225-BO

| JUDITH KNECHTGES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **MOTION TO DEEM MOTION** |
| v. | ) | **TIMELY FILED** |
| | ) | |
| NC DEPARTMENT OF PUBLIC SAFETY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

NOW COME Defendants, NC Department of Public Safety, Eric Hooks, Janet Thomas and Terri Catlett ("Defendants") appearing by and through undersigned counsel pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, moving to deem their contemporaneously filed Motion for Extension of Time to Respond to Plaintiff's Second Motion to Compel timely filed. In support of this motion, Defendants state as follows:

1. On May 17, 2021, Plaintiff Judith Knechtges, ("Plaintiff"), an employee of Defendant NC DPS filed a complaint in this case alleging that that she was discriminated against by Defendants by failing to promote her to the Central Prison Hospital CEO position based on her race, sex and age. [D.E. 1]

2. On August 6, 2021, Defendants filed their Answer to Plaintiff's Complaint. [D.E. 8]

3. On March 16, 2023, counsel for the Plaintiff filed a Second Motion to Compel. [D.E. 41]

1

4. On March 30, 203, undersigned counsel filed a Motion for Extension of Time to respond to Plaintiff's Second Motion to Compel requesting until April 13, 2013 to file a response because of sickness. [D.E. 43]

5. The April 13, 2013 requested deadline was inadvertently not calendared by support staff or undersigned counsel. This was partially due to the very heavy litigation caseload, the fact undersigned counsel was recovering from sickness and because the administrative staff had not seen an Order come out on ECF from the Court.

6. As explained in the contemporaneously filed Motion for Extension of Time, Undersigned counsel has been working with employees of DPS and DAC to determine what if any additional documents and information is available to be produced in response to Plaintiff's discovery request.

7. Because there has been a recent split of agencies, it has made it more difficult than usual to obtain the necessary information from the relevant DPS and DAC employees.

8. Furthermore, undersigned counsel was out sick for a period of time which has caused delay.

9. Additionally, undersigned counsel currently has an extremely heavy litigation load with countless deadlines in federal, state and administrative courts which have caused delay. This heavy litigation load has been increased with an additional attorney recently leaving and undersigned counsel being required to take on some of their cases further increases the heavy litigation caseload.

10. Rule 6(b) of the Federal Rules of Civil Procedure provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Whether neglect is excusable "is at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

11. The failure of the undersigned to file a Motion for Extension of Time was due to excusable neglect. The deadline was missed through no fault of Moving Defendants, but instead was the result of a calendaring oversight over which they had no control.

12. The proceedings will not be negatively impacted by the Court's acceptance of the Motion for Extension of Time and deeming it timely filed.

13. The undersigned is not aware whether opposing counsel objects to the requested relief, however, opposing counsel has been previously objecting to undersigned counsel's request and believes she would oppose this request as well. However, the undersigned respectfully suggests that Plaintiff would not be prejudiced if Moving Defendants' motion to have their motion deemed timely filed is allowed.

WHEREFORE, for the reasons set forth above, for good cause shown, and in the

interests of justice, Moving Defendants respectfully request that the Court grant their Motion to Deem their Motion Timely Filed, and consider their contemporaneously filed Motion timely filed.

This the 18th day of April, 2023.

JOSHUA H. STEIN
ATTORNEY GENERAL

/s/ Bryan G. Nichols
_____Bryan G. Nichols
Assistant Attorney General
N.C. State Bar No. 42008
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6568
Facsimile: (919) 716-6761
E-E-mail: bnichols@ncdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the foregoing **Motion to Deem Motion Timely Filed** with the Clerk of the Court utilizing the CM/ECF system, which will provide electronic notification to Plaintiff's counsel of record as follows:

> Valerie Bateman
> New South Law Firm, P.C.
> 209 Lloyd Street, Suite 350
> Carrboro, NC 27510
> valerie@newsouthlawfirm.com

This the 18th day of April 2023.

4

/s/ Bryan G. Nichols
Bryan G. Nichols
Assistant Attorney General