THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH
CAROLINA WESTERN DIVISION

No. 5:21-CV-00225-BO

JUDITH KNECHTGES,

    Plaintiff,

v.

NC DEPARTMENT OF PUBLIC SAFETY, et al.,

    Defendants.

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL [D.E. 41]**

NOW COMES Defendants, NC Department of Public Safety, Eric Hooks, Janet Thomas and Terri Catlett ("Defendants") appearing by and through undersigned counsel and hereby provide a Response to Plaintiff's Second Motion to Compel Discovery [D.E. 41] filed on March 16, 2023. In support of this motion, the undersigned states the following:

PROCEDURAL HISTORY AND STATEMENT OF FACTS

1. On May 17, 2021, Plaintiff Judith Knechtges, ("Plaintiff"), an employee of Defendant NC DPS filed a complaint in this case alleging that that she was discriminated against by Defendants by failing to promote her to the Central Prison Hospital CEO position based on her race, sex and age. [D.E. 1] The Hospital CEO position was a exempt position meaning that the head of the North Carolina Department of Public Safety could chose who to fill that position.

1

2. On August 6, 2021, Defendants filed their Answer to Plaintiff's Complaint. [D.E. 8]

3. Previously on February 22, 2019, Plaintiff filed a similar complaint in the Office of Administrative Hearings ("First OAH Lawsuit") also alleging that she was discriminated against by Defendants by failing to promote her to the Central Prison Hospital CEO position based on her race, sex and age. This First OAH Lawsuit was voluntarily dismissed by Plaintiff after a motion for summary judgment was partially granted in DPS' favor and refiled a year later on about May 28, 2020 ("Second OAH Lawsuit"). *Judith Knechtges v. NCDPS, Office of Administrative Hearings, File Nos. 19 OSP 01028 and* 20 OSP 02124.

4. In Both the First and Second OAH Lawsuit, Plaintiff and Defendant DPS exchanged discovery and responded to discovery in 2019 and 2020 related to the Plaintiff's allegations of failure promote her to the Central Prison Hospital CEO position.

5. On February 25, 2021, the Administrative Law Judge found that Defendant, NC Department of Public Safety did not retaliate against Plaintiff Knechtges by selecting another applicant for the permanent Hospital Chief Executive Officer Position although Plaintiff Knechtges had served in the interim position.

6. Plaintiff filed a Rule 59 and Rule 60 motion to that Order which was denied, and appealed by Plaintiff to the North Carolina Court of Appeals, which ultimately affirmed the decision.

7. On May 6, 2022, Plaintiff filed a third complaint in the Office of Administrative Hearings, ("Third OAH Lawsuit") also alleging that she was discriminated against by Defendants based on her race, sex and age, also relating to facts surrounding her central tenant of all these lawsuits that Defendants failed to promote her to the Central Prison Hospital CEO position. Judith Knechtges v. NCDPS, Office of Administrative Hearings, File No. 22 OSP 01750.

8. On August 8, 2022, Plaintiff filed a fourth complaint in the Office of Administrative Hearings, ("Fourth OAH Lawsuit") also alleging that she was discriminated against by Defendants based on her race, sex and age, again relating to facts surrounding her central tenant of all these lawsuits that Defendants failed to promote her to the Central Prison Hospital CEO position. Judith Knechtges v. NCDPS, Office of Administrative Hearings, File No. 22 OSP 3001.

9. On June 7, 2022, Plaintiff also filed charges of discrimination with the U.S. Equal Employment Opportunity Commission alleging Plaintiff was discriminated against by Defendants based on her race, sex and age, again based on related facts to all this litigation. ("First EEOC Charge") Judith Knechtges v. NCDPS, U.S. Equal Employment Opportunity Commision, EEOC Charge No. 14B-2022-00033, FEPA Charge No. 22-CRD-0033.

10. On August 15, 2022, Plaintiff again filed a second set of charges of discrimination with the U.S. Equal Employment Opportunity Commission alleging Plaintiff was discriminated against by Defendants again based on her race, sex and age, based on related facts to all this litigation. ("Second EEOC Charge") Judith Knechtges v. NCDPS, U.S. Equal Employment Opportunity Commision, EEOC

Charge No. 14B-2022-00048, FEPA Charge No. 22-CRD-0048.

11. In the First, Second, Third and Fourth OAH Lawsuits and well as this Federal Action, Plaintiff has served upon Defendants similar or duplicative discovery requests including request for production of documents, interrogatories and request for admissions. Prior counsel, representing Defendants in the OAH lawsuits have responded to Plaintiff's discovery requests including request for production of documents, interrogatories and request for admissions.

12. On or around October 5, 2022, undersigned counsel received Plaintiff's responses to Defendant's discovery, which included over four thousand one hundred and fifty five pages of documents produced (4,155) as well as responses to the interrogatories, and request for production of documents. Since Plaintiff has been an employee of DPS, much of the production were documents and information generated by DPS.

13. On October 7, 2022, Plaintiff filed a Motion to Compel Defendants to Respond to Plaintiff's Discovery Request. [27]

14. On October 18, 2022, Defendants filed their Motion for Protective Order with the Court regarding entering and Protective Order related to the production of confidential DPS documents. [D.E. 29 ]

15. On October 21, 2022, Undersigned Counsel finalized and served responses to Plaintiff's interrogatories and requests for production of documents on counsel for the Plaintiff including 3,942 pages of Bates stamped documents, and filed Defendants' Response to Plaintiff's Motion to Compel. [D.E. 32]

16. A Motion and supporting Memorandum of Law seeking to Disqualify

Counsel was filed by Defendants on November 18, 2022, along with a Motion to Stay Proceedings pending resolution of the motion. [D.E. 33, 34, 35] Counsel for the Plaintiff responded to the Motion to Disqualify Counsel on November 22, 2022. [D.E. 36]

17. The Protective Order was entered by Judge Boyle on January 3, 2023. [D.E. 37]

18. On January 5, 2023, the Court entered an Order denying Plaintiff's first motion to compel as moot. [D.E. 38]

19. On February 22, 2023, the Court entered an Order denying Defendants' Motion to Disqualify Counsel. [D.E 39]

20. On March 16, 2023, counsel for the Plaintiff filed a Second Motion to Compel. [D.E. 41]

21. As part of the March 16, 2023 filing, in paragraph 17, Plaintff's counsel states that on March 3, 2023 she reached out to undersigned counsel and sought production of the documents requested in discovery. However, undersigned counsel has looked back and cannot find and did not receive any email, letter, voicemail or other communication from Plaintiff's counsel.

22. Plaintiff's counsel has not included any record of reaching out to undersigned counsel in the instant motion. When undersigned counsel asked Plaintiff's counsel about this she stated that she left a voicemail "on her way out of town". In Plaintiff's motion she states that "she was out of the country from March 4 to March 13" and upon her return bcgan preparing the second motion to compel. [D.E. 41 at 17]

23. Undersigned counsel never received any voicemail at anytime from Plaintiff's

5

counsel regarding any of this prior to her filing the second motion to compel.

24. In Plaintiff's motion she states "Plaintiff's counsel is willing to waive any right to attorney's fees if this Court will simply require Defendants to respond to the discovery request". [D.E. 18]

25. On October 21, 2022, Undersigned Counsel already served responses to Plaintiff's interrogatories and requests for production of documents on counsel for the Plaintiff including 3,942 pages of Bates stamped documents, and filed Defendants' Response to Plaintiff's Motion to Compel. [D.E. 32] Defendants provided appropriate objections in their discovery responses as well.

26. Additionally, Documents and discovery responses were served on Plaintiff in the prior OAH cases. Plaintiff's counsel also produced over Four Thousand pages of documents many of which were documents generated by DPS since Plaintiff works for DPS.

26. In an effort to resolve the issue without dispute, undersigned counsel went back and met with employees of the North Carolina Department of Public Safety and now with the North Carolina Department of Adult Corrections to see if there was any additional documents or information that could be provided.

27. On April 19, 2023, approximately twelve hundred documents were sent to Plaintiff's counsel many if not all being duplicates or information already in Plaintiff's possession.

28. This case is about whether Plaintiff was discriminated against when she was not selected as the permanent CEO position even though the position was exempt. This issue has already been litigated in OAH court and has been determined

that Defendant did not discriminate against Plaintiff and the position was exempt.

29. Defendants have tried to comply with Plaintiff's discovery request without letting Plaintiff engage in a fishing expedition.

30. Furthermore, Plaintiff failed to engage in a meaningful "meet and confer" with opposing counsel prior to filing this motion with the court.

31. Additionally, this second motion to compel has been filed well outside the discovery period and Defendants have already responded to the discovery.

## STANDARD OF REVIEW

Discovery rules are to be accorded broad and liberal construction. See *Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1635, 60 L. Ed. 2d 115 (1979); and Hickman *v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947). Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See *Lone Star Steakhouse & Saloon*, Inc. *v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988), *LaRouche v. National Broadcasting Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (which note the District Court's substantial discretion in resolving motions to compel)

"Questions of trial management are quintessentially the province of the district courts." *Stuart v. Huff*, 706 F.3d 345, 350 (4th Cir. 2013), quoting *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006); see also, e.g., *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 194 (4th Cir. 1982) (noting that "many details of trial management" are "necessarily committed to broad trial court discretion"). This includes matters relating to discovery. *Lone Star Steakhouse & Saloon*, Inc. *v. Alpha of Va., Inc.*, 43 F.3d 922, 929

(4th Cir. 1995) (Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.).

## ARGUMENT

I. **DEFENDANTS HAVE FULLY AND REASONABLY RESPONDED TO PLAINTIFF'S DISCOVERY REQUESTS AND FURNISHED TO PLAINTIFF THE DOCUMENTS AND INFORMATION WITHIN THEIR POSSESSION, CUSTODY, AND CONTROL. FURTHERMORE, THE DISOCVERY PERIOD IS CURRENTLY CLOSED. PLAINTIFF'S COUNSEL ALSO FAILED TO "MEET AND CONFER" PRIOR TO FILING THIS MOTION.**

Plaintiff, through her Attorney, alleges in their Second Motion to Compel that Defendants failed to respond to their discovery request. However, Defendants have fully and reasonably responded to Plaintiff's discovery request. Defendants have responded and provided the documents an information within their possession, custody and control. However, Discovery is not without its limits. Indeed, Federal Rule of Civil Procedure 26 states

> Parties may obtain discovery regarding any nonprivileged matter that is ***relevant*** to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial ***if the discovery appears reasonably calculated to lead to the discovery of admissible evidence***.

*(emphasis added).* It is intended that discovery be related to the claims made by the Plaintiff. To be relevant, evidence has to have "any tendency to make a fact more or less probable than it would be without the evidence; ***and the fact is of consequence*** in determining the action. *Fed. R. Civ. P. 401.*

This case is about whether Plaintiff was discriminated against when she

8

was not selected as the permanent CEO position even though the position was exempt. This issue has already been litigated in OAH court and has been determined that Defendant did not discriminate against Plaintiff and the position was exempt.

Much if not all of Plaintiff's discovery questions are well outside the scope of what this case is about. It is well held that "the discovery process should not become merely a "fishing expedition." *Sandcrest Outpatient Services, P.A. v. Cumberland County Hospital System, Inc.,* 853 F.2d 1139, 1147 (4th Cir. 1988). In *Sandcrest*, the appellant had no discovery before summary judgment was granted in favor of the appellee, and the court held that the appellant was not allowed to have further discovery "merely because relevant evidence fails to support his claim." *Id.* Additionally, Defendants are required to produce only documents which are in their possession, custody or control. *See* Fed. R. Civ. Proc. 34(a).

Plaintiff's motion to compel should also be denied as untimely. Generally, a party must move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely. See *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases); *Rudolph v. Buncombe County Gov't*, No. 1:10cv203, 2011 U.S. Dist. LEXIS 128181, 2011 WL 5326187, at *2 (W.D.N.C. Nov. 4, 2011); *Lane v. Lucent Techs., Inc.*, No. 1:04cv00789, 2007 U.S. Dist. LEXIS 51004, 2007 WL 2079879, at *3 (M.D.N.C. Jul. 13, 2007). Because the Plaintiff filed her Motion to Compel after the close of discovery, it is untimely and therefore should be denied.

A motion to compel can only be made if a party has failed to answer interrogatories or failed to produce documents in response to a request as propounded

9

under rules 33 and 34 of the Federal Rules of Civil Procedure. Further, the movant must have first conferred with the party failing to respond. Here, Plaintiff has skipped past conferring about failures to respond straight to filing a motion to compel. Because Plaintiff has failed to meet the prerequisites of a motion to compel, the motion should be denied.

## CONCLUSION

WHEREFORE, as discovery has closed and Individual Defendants have produced all documents and items of which they have possession, custody, and control, or have properly objected to Plaintiff's discovery requests, Plaintiff's Motion to Compel Discovery should be denied.

This the 25th day of April, 2023.

JOSHUA H. STEIN
ATTORNEY GENERAL

/s/ Bryan G. Nichols
Bryan G. Nichols
Assistant Attorney General
N.C. State Bar No. 42008
N.C. Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602-0629

Telephone: (919) 716-6568

Facsimile: (919) 716-6761

E-mail: bnichols@ncdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I electronically filed the foregoing Response to Plaintiff's Second Motion to Compel with the Clerk of the Court utilizing the CM/ECF system:

> Valerie Bateman
> New South Law Firm, P.C.
> 209 Lloyd Street, Suite 350
> Carrboro, NC 27510
> valerie@newsouthlawfirm.com

This the 25th day of April 2023.

/s/ Bryan G. Nichols
Bryan G. Nichols
Assistant Attorney General