IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:21-CV-225-BO

JUDITH KNECHTGES,

        Plaintiff,

v.

N.C. DEPARTMENT OF PUBLIC SAFETY, ERIC HOOKS, JANET THOMAS, and TERRI CATLETT,

        Defendants,

**PLAINTIFF'S RESPONSE
TO
DEFENDANTS' LATEST MOTION TO EXTEND THE DEADLINE
FILING DISPOSITIVE MOTIONS**

NOW COMES Plaintiff and responds to Defendants' latest motion and show the Court the following:

1. Nothing has changed since the last filing by Defendant except that on May 19, 2023, Defendants' served on Plaintiff an additional 1,171 pages of discovery, multiple pages of which were upside down and blank. Plaintiff hoped that the documents were a complete set of the documents related to the first and second posting of the position of CEO of Central Prison Regional Hospital in which Plaintiff worked, with excellent performance reviews, for over two years, but they were not.

2. Plaintiff has sought discovery in this case but has been thwarted at

every turn. When Defendants have relented and produced documents, the documents have not been what Plaintiff requested, despite the fact that Plaintiff early on gave Defendants every document in her possession.

3. Defendants have received countless extensions of time given to Defendants to both produce discovery and prepare dispositive motions.

4. After filing the most recent motion to compel, Plaintiff finally agreed that if Defendants would produce the documents related to the first and second postings, Plaintiff would accept that production as a "downpayment" on a good faith attempt to actually provide Plaintiff with a small portion of the documents she sought to make her case.

5. Upon review of the latest documents produced, they are incomplete, contain multiple blank pages and do not contain any information about the recommendation of the interview panel for the postings.

6. Defendants have once again moved for an extension of time to file documents with the Court and yet Plaintiff still does not have the information she sought in discovery which she needs whether the Defendant actually ever files a motion for summary judgment or this case goes to trial.

7. In the motion, Defendants make the same irrelevant allegations they have made in each of their preceding motions. These allegations now included allegations that the "counsel currently has an extremely heavy

litigation load with countless deadlines in federal, state and administrative courts which have caused delay. This heavy litigation load has been increased with an additional attorney recently leaving and undersigned counsel being required to take on some of their cases further increases the heavy litigation caseload."

8. Counsel for Defendants is a member of a large public law firm (the Office of the Attorney General) which has hundreds of attorneys and state tax dollars for litigation resources.

9. Counsel for Plaintiff is in a three-member law firm begun in January 2022 and does not have state tax dollars for litigation resources.

10. Defendants' are a large public agency and have the burden of producing the documents sought. Either Defendants' have failed and refused to provide their counsel with the relevant documents or Defendants' counsel has intentionally refused to produce the relevant documents.

11. Either way, Plaintiff still does not have the essential documents she needs regarding the first and second postings much less any of the other documents she requested in discovery.

12. If sanctions are not appropriate in this case for failure to produce discovery, they will never be appropriate. The undersigned is loathe to ask for sanctions, but is at wits' end about how to get the documents needed for Plaintiff to make out her case. Perhaps if sanctions are ordered against Defendants', then Defendants will produce the

requested documents.

13. Plaintiff is mindful of the fact that discovery is not properly filed with the Court, and of the fact that Defendants' argue they have produced over 5,000 documents in this case. It is mind-boggling that such a number of documents could be produced and still not include the specific documents requested by the Plaintiff.

14. If the Court deems it appropriate, Plaintiff will file for the Court's consideration either the documents produced by Defendants or an index of the documents produced, along with a list of the documents that have not been produced but were requested.

WHEREFORE, for the reasons set forth above, and because of the extreme delays and refusals to provide relevant documents, Plaintiff begs this Court to deny Defendants' motions, and set this matter for trial, and delay no longer Plaintiff's right to tell a jury of her peers the story of the Defendants' obfuscation, delay, and prevarication which resulted in her denial of the permanent position of CEO of CPHC and the excessive delay in her obtaining justice with regard to the claims she filed in May 2021, which have not been heard and for which Defendants have refused to provide discovery two years later.

Respectfully submitted, this 26th day of April 2023.

| | |
|---|---|
| /s/ VALERIE L. BATEMAN<br>Valerie L. Bateman<br>NC State Bar No. 13417<br>NEW SOUTH LAW FIRM<br>209 Lloyd Street, Ste 350<br>Carrboro, North Carolina 27510<br>Tel: 919-810-3139<br>Fax: 919-823-6383 | /S/ JUNE K. ALLISON<br>June K. Allison<br>NC State Bar No. 9673<br>NEW SOUTH LAW FIRM<br>233 S. Laurel Avenue<br>Charlotte, NC 28207<br>Tel: 704-277-0113<br>Fax: 919-823-6383 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' LATEST MOTION** was served by filing the document electronically via the CM/ECF system, which will send notification of such filing to all counsel of record.

This 26TH day of April 2023.

/S/ VALERIE L. BATEMAN
Valerie L. Bateman
NEW SOUTH LAW FIRM
*Counsel for Plaintiff*