THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH
CAROLINA WESTERN DIVISION
FILE NO. 5:21-CV-00225-BO

| JUDITH KNECHTGES, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **STATEMENT OF MATERIAL** |
| | ) | **FACTS IN SUPPORT OF** |
| NC DEPARTMENT OF PUBLIC | ) | **DEFENDANTS' MOTION FOR** |
| SAFETY, et al., | ) | **SUMMARY JUDGMNET** |
| | ) | |
| Defendants. | ) | |

NOW COME Defendants, NC Department of Public Safety, Eric Hooks, Janet Thomas and Terri Catlett ("Defendants") appearing by and through undersigned and respectfully submit this statement of material facts in support of their Motion for Summary Judgment.

1. Plaintiff's allegations, in the operative Complaint are that she was discriminated against by Defendants by failing to promote her to the Central Prison Hospital CEO position based on her race, sex and age. [D.E.1]

2. Plaintiff also alleges that Defendants retaliated and created a hostile work environment after she complained about discrimination. *Id at* 3.

3. Plaintiff is still employed with the State and has been working continuously for the State since 2003.

4. Plaintiff asks the Court to issue an injunction directing Defendant Hooks to hire her for the CEO position. Plaintiff also asks that "the Defendant" be enjoined from discriminating against her on the basis of sex and age in the

1

terms and conditions of employment as well as making her whole and providing monetary compensation for the alleged wrongdoings. *Id.*

5. On April 22, 2016 Plaintiff was appointed by the director of DPS to act as the interim Acting Chief Executive Officer for Central Prison Hospital for DPS. [Exhibit 1].

6. The CEO Position is an except management position not subject to protection under Article 1, Chapter 126, of the North Carolina Human Resources Act.

7. The Interim CEO assignment was temporary following the unexpected departure of the prior CEO. At the time of the temporary appointment, Plaintiff was employed as the Pharmacy Director at Apex Central Pharmacy and had been working with the state in various capacities since approximately 2003.

8. On August 7, 2018, the Department posted the "Permanent" Chief Executive Officer for Central Prison Hospital. [Exhibit 2]. The Department had previously posted the CEO Position two times. [Exhibit 7.1] The position was not filled through either of these postings. *Id.*

9. The posting for the CEO position notified all applicants that the position was an exempt managerial position not subject to protection under Article 1, Chapter 126, of the North Carolina Human Resources Act. [Exhibit 2, 8]. The posting also directed all prior applicants to resubmit their materials [Exhibit 2]

10. The job posting lists the following minimum education and

2

Case 5:21-cv-00225-BO   Document 55   Filed 05/17/23   Page 2 of 13

experience requirements, "Master's degree in Hospital Administration, Health Care Administration, or a clinical Human Resources field, AND six (6) years of hospital administration experience" or "Bachelor's degree in health care or business administration AND eight (8) years of hospital administration experience" or "An equivalent combination of education and experience." Id.

11. On August 19, 2018, Plaintiff applied for the CEO Position. [Exhibit 3]. While Plaintiff has a Master's degree in Health Services Management and Policy from 1981, she only has 2.5 years of experience with hospital administration. Id. Plaintiff's other experience is limited to being a pharmacist and six years as a pharmacy director as opposed to a hospital administrator. Id.

12. On October 2, 2018, Plaintiff was interviewed for the CEO Position. [Exhibit 4]. In addition to Plaintiff, the Department interviewed four other candidates, two external and two internal. *Id.*

13. The interview panel consisted of Anita Wilson- the Medical Director for the Division of Prisons, Annie Harvey- who at the time was the Deputy Director of Operations for the Division of Prisons, and Doug Holbrook- Chief Financial Officer for the Department. [Exhibits 4, 5, 7, 7.1].

14. Plaintiff and one other candidate had the lowest interview scores. Three other candidates obtained better interview scores than Plaintiff. [Exhibit 4]. (noting Plaintiff and one other candidate received a Below Average score from one of three interviewers and only average scores from two other interviewers).

3

15. Two top candidates were recommended by the interview panel based on the interviews and application materials. Chad Lovett was the recommended top candidate. [Exhibit 4,5,7,7.1].

16. Reuben Young, who at the time was the Interim Chief Deputy Secretary, was the hiring manager and made the initial decision to hire Chad Lovett based on the application materials and information provided by the interview panel, including a memorandum detailing Mr. Lovett's superior qualifications. [Exhibit 7]. He then obtained approval from DPS Secretary Erik Hooks. *Id.*

17. Mr. Lovett was chosen as the top candidate and offered the position of CEO [Exhibit 5] On December 12, 2018, Appellant-Plaintiff was notified that her temporary assignment as Acting CEO for Central Prison Hospital was ending and that she was being returned to her permanent position of Pharmacy Director at Apex Central Pharmacy. [Exhibit 9].

18. On February 22, 2019, Plaintiff filed a complaint in the North Carolina Office of Administrative Hearings ("NC OAH") alleging that the Department discriminated against her for not selecting her for the CEO Position. [Exhibit 10]. *Knechtges v. NC Department of Public Safety*, 19 OSP 01028 -(hereinafter referred to as the "First OAH Contested Case").

19. On April 3, 2019, the North Carolina Attorney General's Office filed a Motion for Summary Judgment on behalf of the Department in NC OAH court. [Exhibit 11].

20. On September 11, 2019, the Court entered an Order granting the

4

Case 5:21-cv-00225-BO Document 55 Filed 05/17/23 Page 4 of 13

Department's Motion for Summary Judgment in part. [Exhibit 12].

21. The Court found that Plaintiff was not entitled to promotional priority consideration because the CEO position for which Plaintiff applied was an exempt managerial position and as a result, N.C. Gen. Stat. 126-7.1(e) did not apply to the position. *Id.*

22. The Order denied summary judgment as to Plaintiff's claim that Plaintiff-Appellant failed to establish a whistleblower retaliation claim. *Id.* On October 1, 2019, Plaintiff filed a voluntary dismissal of her case 19 OSP 01028 without prejudice and reserved the right to refile within one year. [Exhibit 14].

23. On May 22, 2020, Plaintiff re-filed her complaint in NC OAH alleging the exact same claims as previously alleged in her initial NC OAH complaint filed in February 2019. [Exhibit 15]. *Knechtges v. NC Department of Public Safety*, 20 OSP 02124- (hereinafter referred to as the "Second OAH Contested Case").

24. On August 28, 2020, the Parties had a full trial of this matter before the Administrative Law Judge Melissa Owens Lassiter.

25. On February 25, 2021, Judge Lassiter entered a Final Decision finding that the Department did not retaliate against the Plaintiff, in violation of N.C. Gen. Stat 126-34.02(b), 126-84, and 126-85, by selecting another applicant for the Hospital Chief Executive Officer Position and denying Plaintiff a promotion to that position. *Id.*

26. The Court also found that Plaintiff failed to prove by a preponderance of the evidence that the Department retaliated against her, in

violation of the Whistleblower Act, N.C. Gen. Stat. 126-84, 126-85, and N.C. Gen. Stat. 126-34.02(b) by selecting another applicant. *Id*.

27. The Court found that the Department presented a legitimate nondiscrminatory reason for selecting Chad Lovett for the CEO Position .

28. The Court found that the Department chose Mr. Lovett because he was substantially more qualified than Plaintiff, had extensive years of hospital CEO experience, and provided superior interview response to the panel's interview questions. *Id*.

29. The Court found that Plaintiff lacked the extensive hospital CEO experience that the Department was seeking. Rather, Plaintiff, with the exception of two years, had no experience with hospital administration but worked as a pharmacist and had six years as a pharmacy director. Plaintiff was significantly less experienced as a CEO than Chad Lovett. *Id*.

30. The Court found that Plaintiff cannot establish that the Department's lawful reason for choosing another candidate was pretexual. *Id*.

31. The Court in their Order went through the burden-shifting proof scheme developed by the United States Supreme court in *McDonnell Douglas Corp.* ultimately finding that there was no causal connection between the protected activity and the adverse action taken against Plaintiff. *Id*.

32. On March 23, 2021, Plaintiff filed a motion requesting a new trial and to relieve Plaintiff from the final decision pursuant to Rule 59 and Rule 60 of the Rules of Civil Procedure. [Exhibit 18]   On April 20, 2021, the NC OAH Court denied Plaintiff's Motions filed under Rule 59 and Rule 60. [Exhibit 19]

33. On April 27, 2021, Plaintiff filed a Notice of Appeal to the North Carolina Court of Appeals of the February 25, 2021 Final Decision of the NC OAH Court as well as the April 20, 2021 Order denying Plaintiff's Motions under Rule 59 and 60. [Exhibit 20] On February 7, 2023, the North Carolina Court of Appeals issued an unpublished opinion in the matter, after receiving briefs from the Parties, affirming the trial court's order. [Exhibit 21] The opinion states [Plaintiff] "seeks what any losing party would seek, another opportunity to establish a prima facie case against the opposing party. [Plaintiff] seeks a second opportunity to present evidence to the OAH that was available during the hearing, although her counsel did not present it. However, this desire hardly amounts to an extraordinary circumstance and essentially is a request for a "second bite at the apple.". [Exhibit 21]

34. Plaintiff brings allegations against Defendants under Title VII of the Civil Rights Act (41 U.S.C 2000e et seq.) ("Title VII"), the Age Discrimination in Employment Act (29 U.S.C 623 et seq) ("ADEA") as well as violations of the equal protection and free expression under the United State Constitution and also state law claims for also violations of equal protection and free expression under the North Carolina Constitution. Id at 3-5

35. Plaintiff brings seven claims against all four Defendants, suing them in their individual and official capacities. *Id.*

### *Defendants Forecast of Evidence*

**Defendant Terri Catlett**

36. Defendant Terri Catlett ("Catlett") was employed with the North Carolina Department of Public Safety as the Director of Healthcare Administration during the relevant times. [Catlett Decl.]

37. In her role as Director of Healthcare Administration, she had absolutely no involvement with the hiring process for the CEO Position, including whether Ms. Knechtges was selected for the job or another candidate was chosen. Id.

38. When Ms. Knechtges left the role as Interim CEO and returned to her regular position, she was not in her chain of command. Id.

39. Catlett did not change her behavior towards Ms. Knechtges while she served as the Interim Chief Executive Officer at the Central Prison ("Interim CEO") or when she returned to Central Pharmacy from being relieved of that interim post in early 2019. Id.

40. Catlett did not do or say anything that could be construed as retaliation against Ms. Knechtges during her tenure as Interim CEO or when she returned to the Apex Pharmacy. Id.

41. This includes but is not limited to excluding her in lunch plans and social outings with co-workers as she alleges. Catlett also did not retaliate by changing her job duties or excluding her from meetings and emails. Id.

42. At no time ever did Catlett make inappropriate or offense comments, jokes, or asked question to or about Ms. Knechtges regarding her race, national origin, sex or age as alleged. Id.

43. Ms. Knechtges did discuss with Catlett their prior working relationship and Plaintiff shared rumors she heard of comments purportedly made by me which were completely not true. *Id.*

44. At no time did Catlett treat Ms. Knechtges differently due to her membership in a particular protected class or class status. *Id.*

45. Catlett believes possibly the only meetings and communications Ms. Knetchges may not have been brought into were pertaining to projects that she was not involved. *Id.*

46. *A*t no time did Catlett give Ms. Knetchges, the "silent treatment" or exclude her from lunch as she alleges.


**Defendant Janet Thomas**

44. Defendant Janet Thomas ("Thomas") was employed with the North Carolina Department of Public Safety as the Director of DPS Pharmacy Services but has since retired from State Employment. [Thomas Decl.] In her role as Director of DPS Pharmacy Services, she had absolutely no involvement with the hiring process for the CEO Position, including whether Ms. Knechtges was selected for the job or another candidate was chosen. *Id.*

45. Thomas did not change her behavior towards Ms. Knechtges while she served as the Interim Chief Executive Officer at the Central Prison ("Interim CEO") or when she returned to Central Pharmacy from being relieved of that interim post in early 2019. *Id.* Catlett did not do or say anything that could be construed as retaliation against Ms. Knechtges during her tenure as Interim CEO or when she returned to the

Apex Pharmacy. *Id*. This includes but is not limited to excluding her in lunch plans and social outings with co-workers as she alleges.

46. Thomas also did not retaliate by changing her job duties or excluding her from meetings and emails. *Id*. At no time ever did Thomas make inappropriate or offense comments, jokes, or asked question to or about Ms. Knechtges regarding her race, national origin, sex or age as alleged. *Id*.

47. Ms. Knechtges did discuss with Thomas their prior working relationship and Plaintiff shared rumors she heard of comments purportedly made by me which were completely not true. *Id*. At no time did Thomas treat Ms. Knechtges differently due to her membership in a particular protected class or class status. *Id*.

48. Thomas believes possibly the only meetings and communications Ms. Knetchges may not have been brought into were pertaining to projects that she was not involved. *Id*. *A*t no time did Thomas give Ms. Knetchges, the "silent treatment" or exclude her from lunch as she alleges. *Id*.

**Defendant Erik Hooks**

49. Defendant Erik Hooks served as the Secretary of the North Carolina Department of Public Safety from January 2017 until retiring in July 2021. [Hooks Affidavit]

50. During his time in the position as Secretary, DPS had multiple agencies under its control, including the SBI, State Highway Patrol, National Guard, and Adult Corrections ("Prisons"), among others. *Id*.

51. In his role as Secretary of DPS, he was responsible for overseeing the various agencies in his control. However, each agency had its own hierarchy of staff members that were responsible for the management of their respective agencies.

52. At the relevant time Reuben Young was serving as the Interim Chief Deputy Secretary for Adult Corrections and Juvenile Justice in DPS. [Hooks & Young Decl.]

53. Reuben Young was the hiring manager for the Central Prison Hospital CEO position ("CEO Position) posted on August 7, 2018. *Id.*

54. The DPS human resource department provided Mr. Young with seven candidates to interview for the CEO Position. *Id.*

55. Mr. Young established an interview panel that consisted of Dr. Anita Wilson (the Medical Director for the Division of Prisons), Annie Harvey (who at the time was the Deputy Director of Operations for the Division of Prisons, and Doug Holbrook, Chief Financial Officer for DPS. *Id.*

56. After the interviews, the panel provided Mr. Young with a recommendation to hire Chad Lovett for the CEO Position. Dr. Wilson also provided a memorandum explaining how Mr. Lovett was the most qualified candidate for the position. [Exhibit 5]. Mr. Young decided to hire Chad Lovett for the CEO Position. *Id.*

57. Mr. Young's decision was based on the recommendation from the interview panel for the CEO Position, the application materials for all applicants, and Dr. Wilson's memorandum. *Id.*

58. Mr. Young obtained approval from Secretary Erik Hooks to hire Mr. Lovett for the CEO Position. Mr. Lovett was offered the position and accepted. *Id.*

59. Mr. Young did not select Plaintiff, Judith Knechtges, for the CEO Position because she was not the most qualified. Plaintiff had significantly less experience in hospital administration than Mr. Lovett. [Exhibit 5].

60. DPS wanted someone with significant hospital administrative experience because Central Prison Hospital was such an important part of DPS and also because the mismanagement of that facility had the potential to create large liabilities. *Id.*

61. Mr. Young's decision, confirmed by Erik Hooks, not to hire Plaintiff for the CEO Position was not retaliatory or otherwise based on her reporting of: fraud, violations of law or regulation, misappropriation of State resources, dangers to the public health and safety, gross mismanagement, a gross waste of monies, or gross abuse of authority. *Id.*

62. As Secretary, Erik Hooks was not directly involved in the hiring process for the CEO position but relied on Reuben Young as the hiring manager to provide him with a recommendation. *Id.*

This the 17th day of May 2023.

JOSHUA H. STEIN
ATTORNEY GENERAL

/s/ Bryan G. Nichols
Bryan G. Nichols
Assistant Attorney General
N.C. State Bar No. 42008
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6568
Facsimile: (919) 716-6761
E-E-mail:
bnichols@ncdoj.gov

12

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the foregoing STATEMENT OF FACTS with the Clerk of the Court utilizing the CM/ECF system, which will provide electronic notification to Plaintiff's counsel of record as follows:

>Valerie Bateman
>New South Law Firm, P.C.
>209 Lloyd Street, Suite 350
>Carrboro, NC 27510
>valerie@newsouthlawfirm.com

This the 17th day of May 2023.

>/s/ Bryan G. Nichols
>Bryan G. Nichols
>Assistant Attorney General