| STATE OF NORTH CAROLINA | IN THE OFFICE OF ADMINISTRATIVE HEARINGS |
|---|---|
| COUNTY OF WAKE | 19 OSP 01028 |

| | |
|---|---|
| JUDITH KNECHTEGES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MOTION FOR RELIEF FROM** |
| ) | **JUDGMENT (Rule 60(B)(1) and (6))** |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY ) | |
| ) | |
| Respondent. ) | |

Comes now Petitioner through counsel, moving that the OAH set aside the granting of summary judgment on Petitioner's promotional priority claim pursuant to sections (1) and (6) of N.C.G.S. 1A-1, Rule 60, as follows:

## ARGUMENT

1. DPS originally filed a Motion for Summary Judgment supported exclusively, in terms of evidence, by an Affidavit of Reuben Young. This Affidavit was deficient in numerous legal respects. Judge Young did not attempt to argue that Petitioner was not entitled to promotional priority because the position in question was managerial exempt. Nor did the Affidavit even claim that the position was managerially exempt at all. This motion was filed July 29, 2019.

2. On September 6, 2019, more than a month after the summary judgment was filed, Respondent submitted two affidavits and other materials advancing a

claim that Petitioner was not entitled to promotional priority because the position in question was managerial exempt. These extensive filings presented an argument to that effect not present in the original motion, and in effect presented entirely new and separate grounds for the motion.

3. Petitioner's counsel received these filings while completing the trial of another contested case hearing. Petitioner's counsel emailed Jerrod Godwin, the administrative assistant in the case, asking that the ALJ be informed that Petitioner wished to file a response to these latest filings. This email was sent September 6, 2019, the same day the additional filings were made. Mr. Godwin acknowledged receipt of the email.

4. On September 9 and 10, 2019, the following Monday and Tuesday, Petitioner's counsel was preparing for and trying (and eventually settling) the contested case of Bennett v. DHHS, 19OSP03470 in OAH. This case was resolved toward the end of the business day on September 10.

5. On September 11, 2019, two business days after the additional filings were made by DPS, the OAH entered summary judgment on Petitioner's promotional priority claim. The OAH represented that it was acting in consideration of the Affidavit of Reuben Young. That Affidavit contained no contention whatever that the position in question was managerial exempt.

6. Petitioner, especially after notifying the OAH to that effect, was entitled to a reasonable time to respond to the additional filings, which presented the only evidentiary support for the claim that the position in question was managerially exempt. OAH rules require that the non-moving party have ten

(10) days to respond, at minimum, to any motion filed. Petitioner submits that she should have been allowed at least that time to respond to the managerial exempt argument evidence contained in the affidavits. Petitioner also argued that it was error to grant summary judgment on the basis of an affidavit which failed to make any reference or claim that the position in question was not entitled to priority consideration because it was managerial exempt.

7. Petitioner asks that the judgment be set aside pending the OAH's consideration of Petitioner's responses to the additional DPS evidence. This is required by simple fairness. It will be recalled that recently DPS asserted error in not being permitted the full ten days to respond to a petition for attorney's fees in another case involving that agency pending before this same ALJ. See Hunt v. N.C. Dep't of Pub. Safety, 817 S.E.2d 257, 2018 N.C. App. LEXIS 592, 2018 WL 3029028.

8. Unlike Hunt, this case involves material submissions that represent the only evidentiary support for the ruling the OAH made granting partial summary judgment. Again, the Affidavit of Reuben Young makes no claim whatever that the position was or was considered managerial exempt.

9. N.C.G.S. 1A-1, Rule 60(b)(1) and (6) allow relief from an order if the order featured (1) Mistake, inadvertence, surprise, or excusable neglect; or (6) Any other reason justifying relief from the operation of the judgment. The purpose of subsection (b) of Rule 60 is to "strike a proper balance between the conflicting principles of finality and relief from unjust judgments. Generally, the rule is liberally construed." Carter v. Clowers, 102 N.C. App. 247, 401 S.E.2d 662 (1991).

10. This motion is made within a reasonable time, as the relevant Rule requires. <u>Gilbert v. Gilbert (In re Estate of Toulouse)</u>, 2018 N.C. App. LEXIS 1237, 822 S.E.2d 167, 2018 WL 6613954.

11. Here, Rule 60(b)(1) applies, as Petitioner was given inadequate time to respond to the only DPS filings supporting the managerial exempt contention, despite informing the OAH that she planned to do so. Petitioner was entitled to a reasonable time, minimum ten days, to respond to these filings. Instead, judgment was entered two business days later when the previous two days Petitioner's counsel had been occupied in OAH with another case.

12. Rule 60(b)(6) also applies to this case. The broad language of subsection (b)(6) of Rule 60 "gives the court ample power to vacate judgments whenever such action is appropriate to accomplish justice." <u>Flinn v. Laughinghouse</u>, 68 N.C. App. 476, 315 S.E.2d 72, <u>appeal dismissed and cert. denied</u>, 311 N.C. 755, 321 S.E.2d 132 (1984). It has been described by our appellate courts as a "grand reservoir of equitable power to do justice in a given case." <u>Jim Walter Homes, Inc. v. Peartree</u>, 28 N.C. App. 709, 222 S.E.2d 706 (1976). Simply put, justice requires that Petitioner be given the chance to respond to the only evidentiary support for the promotional priority exempt issue, and that the OAH consider that response prior to issuing a ruling on the matter. Further, justice requires that the OAH not grant a motion wholly unsupported by competent evidence; the Affidavit of Reuben Young, again, makes no claim that the position at issue was not entitled to promotional priority and, indeed, makes no claim that the position in question was even exempt. For a recent analysis of the application of the Rule involving a State agency, the Court is

respectfully referred to N.C. DOT v. Laxmi Hotels of Spring Lake, Inc., 817 S.E.2d 62, 2018 N.C. App. LEXIS 506, 2018 WL 2207793

13. Our appellate courts have held that a trial judge, on hearing motions under section (b) of this rule, should consider such factors as: (1) The general desirability that a final judgment not be lightly disturbed; (2) where relief is sought from a judgment of dismissal or default, the relative interest of deciding cases on the merits and the interest in orderly procedure; **(3) the opportunity the movant had to present his claim or defense;** and (4) **any intervening equities**. McGinnis v. Robinson, 43 N.C. App. 1, 258 S.E.2d 84 (1979); Baylor v. Brown, 46 N.C. App. 664, 266 S.E.2d 9 (1980).

14. Here, as noted, Petitioner was not granted the minimum time to respond to substantial additional filings which changed the basic grounds for the DPS motion for summary judgment, notwithstanding the issue of how DPS would be permitted to submit what amounted to a rolling summary judgment motion over a period of a month or so. See Docket. Petitioner was entitled to the minimum time to respond to these filings. Entering judgment two days after those filings, when Petitioner specifically requested a chance to respond, certainly is, additionally, an "intervening equity." Further, as noted, a tribunal may not grant summary judgment unless the motion is supported by competent evidence. An Affidavit (the Reuben Young Affidavit) that makes no reference to the grounds on which the motion was granted fails to meet that standard. Accordingly, Petitioner has a "meritorious defense" on the issues in question. Sides v. Reid, 35 N.C. App. 235, 241 S.E.2d 110 (1978). Of note, the defense need not be proven in the motion; the movant need merely show that a defense exists. U.S.I.F. Wynnewood Corp. v. Soderquist, 27 N.C. App.

611, 219 S.E.2d 787 (1975). Petitioner follows this motion with responses supporting that contention.

**WHERFORE**, Petitioner prays for an order setting aside the summary judgment finding on the grounds that the Affidavit of Reuben Young, cited by the OAH, provided no evidentiary support for the promotional priority exempt issue, and that Petitioner be allowed to respond to the additional materials, including affidavits, that reference and purportedly support this claim.

September 25, 2019.

**LAW OFFICES OF MICHAEL C. BYRNE**

By: /s/ Michael C. Byrne
Michael C. Byrne
150 Preston Executive Dr.
Suite 201
Cary, NC 27513
Tel: (919) 274-9020
NC Bar # 22690

**CERTIFICATE OF SERVICE**

The undersigned has this day served a copy of this document on Respondent, by Efile to:

Corrine Lusic
North Carolina Department of Justice

September 25, 2019.

By: /s/ Michael C. Byrne
Michael C. Byrne