An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-213

Filed 07 February 2023

Office of Administrative Hearings, No. 20OSP02124

JUDITH KNECHTGES, Petitioner,

v.

N.C. DEPARTMENT OF PUBLIC SAFETY, Respondent.

Appeal by petitioner from order entered 20 April 2021 by Judge Melissa Owens Lassiter in the Office of Administrative Hearings. Heard in the Court of Appeals 15 November 2022.

*New South Law Firm, by Valerie L. Bateman, for petitioner-appellant.*

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Bryan Nichols, for respondent-appellee.*

GORE, Judge.

Petitioner Judith Knechtges appeals the Administrative Law Judge's ("ALJ") order denying her motions under Rule 59 and Rule 60 of the North Carolina Rules of Civil Procedure for a new hearing and for relief from the final decision entered 25 February 2021. Upon careful review of the record and the parties' briefs, we discern no abuse of discretion.

## I.

Petitioner was the director of the Central Pharmacy at the Central Prison Healthcare Complex Facility in Raleigh, North Carolina from 2010 to 2016. In 2015, petitioner reported "numerous anomalies" with "the management of controlled substances." As a result of this report, a yearlong investigation occurred internally by the United States Drug Enforcement Agency, the North Carolina Board of Pharmacy, and the United States Attorney General's Office. Respondent was found at fault and required to pay substantial fines. Additionally, the Chief Executive Officer ("CEO") position for the Central Prison Health Care Facility became vacant after the investigation.

On 22 April 2016, petitioner became the interim CEO until a permanent CEO could be hired. Over the next two years, petitioner "excelled" as the interim CEO. Additionally, petitioner uncovered multiple areas of financial mismanagement and implemented changes within her power or proposed changes to supervisors. Many of these proposals were rejected by supervisors, and petitioner felt she was "met with resistance" with some of these recommended changes.

Respondent posted the job opening for the permanent CEO position three separate times and petitioner applied and interviewed for the position each time. The interviewing panel ultimately recommended Chad Lovett, an external hire, who was

offered and accepted the position. Accordingly, petitioner was informed her interim position ended and she was to return to her position as pharmacy director at the Central Pharmacy.

Petitioner filed a contested petition on 22 February 2019 and refiled the petition on 22 May 2020 with the Office of Administrative Hearings ("OAH"). Petitioner alleged she was denied a promotional priority due to retaliation in violation of the Whistleblower Act, Section 126-85, when she was not recommended for the CEO position. N.C. Gen. Stat. § 126-85 (2020). Petitioner's original counsel in the case was hired as an ALJ and she then retained new counsel. Petitioner became unhappy with her counsel's performance during discovery and during the hearing because petitioner submitted "numerous documents and witnesses" to her counsel, but her counsel did not utilize any of the witnesses and few of the documents.

The OAH entered a final decision on 25 February 2021 in favor of respondent. Petitioner filed pro se Rule 59 and Rule 60 motions on 23 March 2021 seeking a new hearing and relief from the final decision entered 25 February 2021. On 20 April 2021, the ALJ entered an order denying petitioner's motions. On 28 April 2021, petitioner filed a timely notice of appeal from the order denying her motions under Rule 59 and Rule 60.

## II.

For this Court to have jurisdiction, there must be a proper notice of appeal in which the appellant specifies the order or judgment for review. *Dogwood Dev. &*

*Mgmt. Co., LLC v. White Oak Transp. Co., Inc.*, 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008); N.C.R. App. P. 3(d). When a party appeals the denial of a Rule 59 or Rule 60 motion but does not also request appeal of the "underlying" decision, only the denial of the motion is reviewable. *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990).

In the present case, petitioner filed a notice of appeal seeking review of the denied motions under Rule 59 and Rule 60. Accordingly, the only review properly before this court are the motions for a new trial under Rule 59 and to set aside judgment under Rule 60. The underlying final decision entered by the ALJ on 25 February 2021, is not before this Court for review.

Rule 59 and Rule 60 motions are reviewed under the same standard. For either motion, this Court reviews the trial court's ruling under an abuse of discretion standard. *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006). Thus, "great deference" is owed to the trial court's discretion. *Id.* (citation omitted). It may only be overturned "upon a showing that [the trial court's] actions are manifestly unsupported by reason." *Id.* (quotation marks and citation omitted).

### A.

Under Rule 59 of the North Carolina Rules of Civil Procedure, "A motion for a new trial shall be served not later than [ten] days after entry of the judgment." N.C. R. Civ. P. 59(b). Accordingly, to even consider the grounds for a Rule 59 motion, the party seeking a new trial must do so within the proper window of time.

> Under Rule 59(b), the motion *must* be served within 10 days of the entry of judgment, for a failure to do so prevents the court from having jurisdiction to entertain the motion. Rule 6(b) specifically prohibits enlargement of the time for serving a motion for a new trial either by order of the court or by agreement of the parties.

*Fallis v. Watauga Med. Ctr., Inc.*, 132 N.C. App. 43, 54, 510 S.E.2d 199, 207 (1999) (citation omitted). Here, petitioner filed her motion under Rule 59 twenty-six days after entry of judgment, therefore, the trial court did not have jurisdiction and did not abuse its discretion by denying the Rule 59 motion.

## B.

Petitioner also challenges the denial of her Rule 60 motion seeking relief from judgment under either Rule 60(b)(1) or 60(b)(6). Specifically, she claims she deserves relief from judgment because her counselor presented little evidence in the form of documents and witness testimony, which was excusable neglect and directly affected the ALJ's unfavorable final decision.

Rule 60(b)(1) allows the trial court to set aside a judgment in the following circumstances: "Mistake, inadvertence, surprise, or excusable neglect." N.C. R. Civ. P. 60(b)(1). This type of motion must be brought within one year of the entry of judgment. N.C. R. Civ. P. 60(b). The rule does not specify what qualifies as excusable neglect to set aside judgment, so our Courts consider the "surrounding circumstances" of the case and what is "reasonably expected of a party in paying proper attention . . . ." *Thomas M. McInnis & Asso., Inc. v. Hall*, 318 N.C. 421, 425, 349 S.E.2d 552, 554–

55 (1986). Our Supreme Court previously considered whether fault directed at the party's attorney could qualify as excusable neglect:

> Clearly, an attorney's negligence in handling a case constitutes inexcusable neglect and should not be grounds for relief under the "excusable neglect" provision of Rule 60(b)(1). In enacting Rule 60(b)(1), the General Assembly did not intend to sanction an attorney's negligence by making it beneficial for the client and to thus provide an avenue for potential abuse. Allowing an attorney's negligence to be a basis for providing relief from orders would encourage such negligence and present a temptation for litigants to use the negligence as an excuse to avoid court-imposed rules and deadlines. . . . Looking only to the attorney to assume responsibility for the client's case, however, leads to undesirable results.

*Briley v. Farabow*, 348 N.C. 537, 546, 501 S.E.2d 649, 655 (1998).

It appears petitioner seeks relief from judgment and a new hearing to present evidence she believes her attorney failed to present. As previously articulated, our Courts disfavor providing relief from judgment because of error by the appellant's counsel and have explicitly stated it does not amount to excusable neglect under Rule 60(b)(1).

Petitioner relies on *Norton v. Sawyer* as an example of our Court determining there was excusable neglect through an attorney's actions. 30 N.C. App. 420, 227 S.E.2d 148 (1976). *Norton* is distinguishable from petitioner's case on a very important detail, in *Norton* the relief sought was based upon a default judgment. *Id.* at 424, 227 S.E.2d at 152. Our Courts are more liberal in granting relief from default judgments to provide parties with an opportunity to resolve the matter on the merits rather than on technicalities. *Howard v. Williams*, 40 N.C. App. 575, 580, 253 S.E.2d

571, 573–74 (1979) ("We agree with the general view that provisions relating to the setting aside of default judgments should be liberally construed so as to give litigants an opportunity to have the case disposed of on the merits . . . .").

Yet, in petitioner's case, she appeared before the OAH for a hearing on her legally disputable claim, and there she had the opportunity to present evidence through acceptable evidentiary means. The fact her counsel chose not to present certain evidence and to limit the evidence to what was presented, is not excusable neglect. Further, this Court will only reverse a decision by the lower court if it amounts to an abuse of discretion. Based upon the previously stated analysis, the OAH did not abuse its discretion by denying the motion for a new hearing and relief from judgment.

Petitioner then relies upon Rule 60(b)(6) as an alternative to seeking relief from judgment. This provision will grant relief if there is "[a]ny other reason justifying relief from the operation of the judgment." N.C. R. Civ. P. 60(b)(6). "Rule 60(b)(6) has been described as a grand reservoir of equitable power to do justice in a particular case, and [t]he broad language of Rule 60(b)(6) gives the court ample power to vacate judgments whenever such action is appropriate to accomplish justice." *Milton M. Croom Charitable Remainder Unitrust v. Hedrick*, 188 N.C. App. 262, 269, 654 S.E.2d 716, 721 (2008) (alterations in original) (quotation marks and citations omitted). Yet, this rule is not a "catch-all" provision and should only be applied when the party seeking relief demonstrates "(1) extraordinary circumstances

exist[,] and that (2) justice demands such relief." *Goodwin v. Cashwell*, 102 N.C. App. 275, 278, 401 S.E.2d 840, 842 (1991) (quotation marks and citations omitted).

Petitioner seeks what any losing party would seek, another opportunity to establish a prima facie case against the opposing party. Petitioner seeks a second opportunity to present evidence to the OAH that was available during the hearing, although her counsel did not present it. However, this desire hardly amounts to an extraordinary circumstance and essentially is a request for a "second bite at the apple." *Burks v. U.S.*, 98 S. Ct. 2141, 2150, 57 L. Ed. 2d 1, 13 (1978). While this Court will not weigh in on whether petitioner's attorney was or was not negligent, we are unwilling to disturb the ALJ's discretionary decision when it is based upon reason. We also cannot say that justice demands relief in this case, for petitioner does not meet her burden of proving the trial court abused its discretion by denying her Rule 60(b)(6) motion.

## III.

For the foregoing reasons, we affirm the trial court's order.

AFFIRMED.

Chief Judge STROUD and Judge DILLON concur.

Report per Rule 30(e).