IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-225-BO

| | |
|---|---|
| JUDITH KNECHTGES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| NC DEPARTMENT OF PUBLIC SAFETY, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Plaintiff's second motion to compel discovery and for expenses. [DE-41]. Defendants filed motions for extensions of time to respond to the motion to compel, [DE-43, -45, -47], to file dispositive motions, [DE-42], and to deem their motion to extend time to respond to the motion to compel timely filed, [DE-46], and Defendants subsequently responded in opposition to the motion to compel, [DE-48]. Plaintiff responded in opposition to the motions to extend the dispositive motions deadline and for an extension of time to respond to the motion to compel. [DE-44, -49].

For the reasons that follow, Plaintiff's motion to compel, [DE-41], is allowed in part and denied in part; Defendants' motions to deem their motion to extend time to respond to the motion to compel timely filed, [DE-46], and to extend time to respond to the motion to compel, [DE-43, -45, -47], are allowed; and Defendants' motion to extend the dispositive motions deadline, [DE-42], is denied as moot.

## I. BACKGROUND

Plaintiff, an employee of Defendant NC Department of Public Safety ("DPS"), filed this action on May 17, 2021 alleging that Defendant discriminated against her by failing to promote her on the basis of race, sex, and age. Compl. [DE-1].

Plaintiff served discovery requests on Defendants on April 20, 2022. [DE-27-1]. On June 28, 2022, the parties moved to extend the discovery and motions deadlines in order to complete discovery and attempt to reach a global resolution in this and other litigation pending before the North Carolina Court of Appeals, the North Carolina Office of Administrative Hearings, and the U.S. Equal Employment Opportunity Commission. [DE-18]. The motion did not address Plaintiff's outstanding discovery requests. The court extended the discovery deadline to August 27, 2022, and the motions deadline to September 27, 2022. [DE-19]. The case did not settle at mediation on August 17, 2022, but the mediation was held open until September 14, 2022, when the mediator declared an impasse. [DE-22, -23].

On September 27, 2022, Defendants sought an extension of the motions deadline to October 18, 2022, based in part on defense counsel's optimism that the case would still settle and the need to finalize materials in support of a summary judgment motion. [DE-24]. On October 3, 2022, Plaintiff filed a response in opposition to the motion, which noted that Defendants had not responded to Plaintiff's discovery requests despite an August 5, 2022 email from defense counsel stating that responses would be forthcoming. [DE-25]. The court extended the motions deadline to October 18, 2022. [DE-26]. On October 7, 2022, having received no discovery responses from Defendants, Plaintiff filed her first motion to compel. [DE-27]. On October 21, 2022, Defendants responded that on that day they served their responses to Plaintiff's discovery requests. [DE-32].

The court later entered a protective order, [DE-37], and then denied Plaintiff's first motion to compel as moot, "given Defendants have now responded to the discovery requests." [DE-38]. Subsequently, Plaintiff filed the instant motion to compel, [DE-41]. Defendants responded in opposition. [DE-48].

## II. ANALYSIS

### A. Defendants' Motions to Deem their Motion to Extend Time Timely Filed, for Extension of Time to Respond, and to Extend Time to File Dispositive Motions

Defendants filed motions for extensions of time to respond to the motion to compel, [DE--43, -45, -47], for an extension of time to file dispositive motions, [DE-42], and to deem their motion to extend time to respond to the motion to compel timely filed, [DE-46]. Defendants subsequently responded to in opposition to the motion to compel. [DE-48]. Plaintiff responded in opposition to the motion to extend the dispositive motions deadline and to the motions for an extension of time to respond to the motion to compel. [DE-44, -49].

Regarding Defendants' motion to deem their motion to extend time to respond to the motion to compel timely filed, [DE-46], the court in its discretion will allow the motions to deem Defendants' motion to extend time timely filed, [DE-46], and to extend time to respond to the motion to compel, [DE-43, -45, -47].

The deadline to respond to the motion to compel was April 13, 2023, and Defendants' motions for an extension of time to file a response and to deem the requested extension timely filed were filed four and five days later on April 17 and 18 respectively. Therefore, Defendants must demonstrate both good cause to extend the deadlines and excusable neglect for failing to timely seek an extension. Fed. R. Civ. P. 6(b)(1).

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after

3

the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect" is an elastic concept, "not limited strictly to omissions caused by circumstances beyond the control of the movant," and courts have discretion to allow late filings even where the delay was the result of inadvertence. *Pioneer Invs. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (citation omitted). Whether neglect is excusable is "at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission[.]" *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996) (quoting *Pioneer*, 507 U.S. at 395). "'Excusable neglect' is not easily demonstrated, nor was it intended to be." *Id.* at 534. "In determining whether a party has shown excusable neglect, a court will consider: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Colony Apts. v. Abacus Project Mgmt., Inc.*, 197 F. App'x 217, 223 (4th Cir. 2006) (citing *Thompson*, 76 F.3d at 533). The most important factor is the reason for the delay, but merely establishing these factors does not entitle the moving party to relief. *Id.* Instead, "whether to grant an enlargement of time still remains committed to the sound discretion of the district court." *Id.*

Defendants state that the deadline was inadvertently not calendared by counsel or staff, due to their heavy litigation caseload and counsel's recovering from sickness. [DE-46] at 2. Defense counsel also states that he had been working with DPS and DAC staff to determine if any documents could be produced, and that due to a recent split of the state agencies it has been difficult to obtain information from DPS and DAC employees. *Id.*

It appears the failure to timely request an extension of the deadline was inadvertent, and there is no apparent bad faith in requesting the extension. Accordingly, the court in its discretion

4

finds Defendants have demonstrated the requisite excusable neglect for failing to timely request an extension and, for good cause shown, allows the motion to deem the request to extend deadlines timely filed, [DE-46]. Furthermore, for good cause shown the court allows Defendants' requests to extend time to respond, [DE-43, -45, -47], and the court has considered Defendants' response to the motion to compel, [DE-48], in the interest of justice.

Regarding Defendants' motions to extend the dispositive motions deadline, [DE-42], that requested extension is mooted by the court's order extending disposition motions deadline, [DE-51], and furthermore, Defendants' dispositive motion now has been filed, [DE-54]. Accordingly, the request to extend the dispositive motions deadline, [DE-42], is denied as moot.

### B. Plaintiff's Motion to Compel

Plaintiff seeks an order from the court compelling Defendants to respond to various discovery requests. [DE-41]. Despite the entry of a protective order, [DE-37], Plaintiff contends that Defendants have failed to produce the requested records. *Id.* Plaintiff's counsel argues that she reached out to defense counsel before filing the motion to compel, but received no response. *Id.* at 3. Plaintiff states that she is willing to waive claims to attorney's fees, especially if Defendants are ordered to respond the requests, particularly those listed in her Exhibit 2. *Id.* at 3–4.

Plaintiff's Exhibit 2, [DE-41-2], appears to chart alleged deficiencies in Defendants' responses for twenty requests for production of documents ("RFP"). Specifically, Plaintiff lists RFP Nos. 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 15, 16, 17, 18, 21, 22, 23, 25, and 26. [DE-41-2] at 1–9. Plaintiff additionally charts what she contends are duplicative and nonresponsive documents produced by Defendants. *Id.* at 10–15.

Defendants, on the other hand, contend that they have fully and reasonably responded to the requests and have provided the documents within their possession, custody, and control. [DE-48] at 8. Further, Defendants argue, Plaintiff's motion should be denied as untimely as it was filed outside the discovery period and also, Plaintiff's counsel failed to "meet and confer" prior to filing her motion. *Id.* Defendants state that as of April 19, 2023, in an attempt to resolve the dispute, approximately twelve hundred documents were sent to Plaintiff's counsel, though many if not all were duplicates or already in Plaintiff's possession. [DE-48] at 6.

Regarding timeliness, Plaintiff's first and second motions to compel were filed after the August 27, 2022 close of discovery. [DE-19]. "While Rule 37(a) governing motions to compel does not specify a temporal requirement for the filing of such motions, '[g]enerally, absent a specific directive in the scheduling order, motions to compel discovery filed prior to the discovery deadline have been held timely." *Ruth v. City of Creedmoor*, No. 5:13-CV-00862-BR, 2015 WL 1815475, at *3 (E.D.N.C. Apr. 21, 2015) (citing *PCS Phosphate Co. v. Norfolk S. Corp.*, 238 F.R.D. 555, 558 (E.D.N.C. 2006); *Greene v. Swain Cnty. P'ship for Health*, 342 F. Supp. 2d 442, 449 (W.D.N.C. 2004) (deeming as untimely a motion to compel filed twenty-one days after the discovery deadline and six days after the motions deadline)); *see Sager v. Standard Ins. Co.*, No. 5:08-CV-628-D, 2010 WL 2772433, at *1 (E.D.N.C. July 12, 2010) (denying motion to compel filed three weeks after close of discovery as untimely); *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (denying as untimely motion to compel filed after the close of discovery), *aff'd*, 582 F. App'x 229 (4th Cir. 2014); *Powell v. Kamireddy*, No. 7:13-CV-00267-F, 2015 WL 333015, at *4 (E.D.N.C. Jan. 26, 2015) (denying motion to compel as untimely where the moving party waited three months to notify the producing party that the responses were deficient, and the motion to compel was filed more than two months after the close

6

of discovery and six weeks before trial). Rule 37 requires that a motion to compel include a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The local rules of this district additionally require that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c)(2). The court in its discretion can deny a motion to compel for failing to meet the requirements of Fed. R. Civ. P. 37(a)(1) and Local Civ. R. 7.1(c)(2). *Ferruccio v. Davis*, No. 5:19-CV-346-BO, 2020 WL 6706354 (E.D.N.C. Nov. 13, 2020).

Here, Plaintiff's second motion to compel, [DE-41], was filed on March 16, 2023, months after the discovery period closed on August 27, 2022, [DE-19]. The first motion to compel, [DE-27], was filed October 7, 2022, and a protective order was granted January 3, 2023, [DE-37]. Regarding the first motion to compel, this court stated in its January 5, 2023 order, "The motion to compel is denied as moot, given Defendants have now responded to the discovery requests," [DE-38] at 2.

Regarding the instant motion to compel, Plaintiff argues that despite the protective order, Defendants have still not produced the records sought. [DE-41] at 3. The parties also dispute whether counsel adequately "met and conferred" before Plaintiff's counsel filed the motion to compel. Plaintiff's counsel states she reached out to Defendants' counsel on March 3, 2023, but defense counsel did not respond, and Plaintiff's counsel notes that she was out of the country from March 4 to March 13, 2023. [DE-41] at 3. Defense counsel, on the other hand, maintains that Plaintiff's counsel did not confer with him before filing her motion, [DE-48] at 8–10, and defense counsel's emails indicate that he never received a call, voicemail, or letter from Plaintiff's counsel before the motion filing, [DE-44-2].

7

Regarding the first motion to compel the court previously noted,

> "'[i]t is well established in this district that, as a general matter, motions to compel must be filed before the end of the discovery period.' *Williams v. AT&T Mobility*, No. 5:19-CV-00475-BO, 2022 WL 2821922, at *2–3 (E.D.N.C. July 19, 2022) (collecting cases). Discovery closed on August 27, 2022, but Plaintiff did not raise the issue of Defendants' failure to respond to her discovery requests until October 3, 2022, and did not file the motion to compel until four days later. Thus, while the court does not condone Defendants' failure to timely respond to Plaintiff's discovery requests, Plaintiff failed to timely raise the matter with the court and also failed to certify that Plaintiff attempted to resolve the dispute prior to filing the motion to compel as required by Local Civil Rule 7.1(c)(2), and the court in its discretion declines to award expenses."

[DE-38] at 2.

The second motion to compel is undoubtedly untimely, filed three months after the court's mooting the first motion to compel and seven months after the close of discovery. Additionally, Defendants have subsequently filed their motion to summary judgment. [DE-54]. Accordingly, the court in its discretion may deny the second motion to compel for failing to meet the requirements of Fed. R. Civ. P. 37(a)(1) and Local Civ. R. 7.1(c)(2).

Here, while Plaintiff arguably should have sought an extension of the discovery deadline in order to resolve outstanding discovery issues as noted regarding the first motion to compel, it is also true that discovery was served before the deadline, [DE-41] at 2, correspondence shows counsel communicated with each other regarding discovery in October and November after the deadline, and again in March after the second motion to compel was filed on March 16, [DE-44-1] at 1–4, [DE-44-2, -44-3]. It also appears that defense counsel emailed Plaintiff's counsel on March 24 and stated that he found additional documents from DPS and was sending them to Plaintiff's counsel. [DE-44-3].

Defendants contend they have "responded and provided the documents an [sic] information within their possession, custody, or control." [DE-48] at 8. However, the March 24 emails noted

8

above and filed with the court indicate that defense counsel "found some additional documents related to the first and second posting." [DE-44-3]. Plaintiff's counsel stated that as of April 7, she had not received the documents or heard from defense counsel, [DE-44] at 6, and that nothing was produced as of June 16, [DE-59-1] at 4. Accordingly, Defendants shall supplement their responses as to the "additional documents related to first and second postings" that defense counsel indicated were in their possession, which appears to correlate to RFP No. 1. *See* [DE-41-2] at 1.

As it relates to the remaining requested documents, Defendants cannot produce what they do not have, and Plaintiff has not produced evidence indicating that Defendants are in possession of the remaining requested documents but are yet not producing them. *Georgia-Pac. Corp. v. Von Drehle Corp.*, No. 5:05-CV-478-BO, 2007 WL 9637134, at *1–2 (E.D.N.C. Aug. 17, 2007) (absent evidence to the contrary, "[t]he court must take [a party's] word that it has produced all responsive discoverable documents if [the party] says that it has.").

Accordingly, aside from the noted documents related to the first and second postings in RFP No. 1, *see* [DE-41-2] at 1, Defendants' response is sufficient. Furthermore, like the court's order regarding the first motion to compel, the court in its discretion declines to award expenses.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel, [DE-41], is allowed in part and denied in part; and Defendants' motions to deem their motion to extend time to respond to the motion to compel timely filed, [DE-46], and to extend time to respond to the motion to compel, [DE-43, -45, -47], are allowed; and Defendants' motion to extend the dispositive motions deadline, [DE-42], is denied as moot.

9

Case 5:21-cv-00225-BO   Document 65   Filed 08/01/23   Page 9 of 10

So ordered, the 31st day of July, 2023.

_____
Robert B. Jones, Jr.
United States Magistrate Judge