IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

JUDITH KNECHTGES, )
)
Plaintiff, )
)
v. )
) 5:21-CV-225-BO
N.C. DEPARTMENT OF PUBLIC )
SAFETY, ERIC HOOKS, JANET )
THOMAS, and TERRI CATLETT, )
)
Defendants, )
)

**AFFIDAVIT OF PLAINTIF IN SUPPORT OF MOTION TO COMPEL**

COMES NOW THE AFFIANT, who alleges and says the following:

1. My name is Judith Knechtges. I am a citizen and resident of Wake County, North Carolina, but am visiting my mother in Ohio at the time I signed this Affidavit.

2. I am neither an infant nor in a state of incompetence. This affidavit is made upon my personal knowledge except as to those statements made on information and belief, and these I believe to be true.

3. I am the Plaintiff in this lawsuit, which involves my discriminatory and retaliatory denial of the Chief Executive Officer position for Central Prison Healthcare Complex, in which I worked over two years and for which I was told I was selected twice before being denied the position on the third posting in favor of a younger, male applicant who was not as qualified as me.

1

4. I worked for the Department of Public Safety for over 13 years. I am aware that the records retention policies required by the Public Records Act require certain documents to be kept by State agencies. In my roles as Pharmacy Director and Central Prison Healthcare Complex (CPHC) CEO, I was advised and directed by DPS legal staff and leadership that employee documents related to job postings, applications, interviews, etc., cannot be destroyed while there are grievances, complaints, discipline, and litigation in process against the Department.

5. I know that unless Defendants have destroyed these documents, the documents listed on Exhibit A to this Affidavit are required to be maintained by either State or Federal law or while there are grievances, complaints, discipline, and litigation in process against the Department. For four years DPS has refused to provide key documents to this case.

6. Defendants' understanding of the importance of these documents to the Plaintiff's success is the probable basis for Defendant's refusal to provide the requested discovery.

7. The documents for the first and second postings are like the documents for the third posting that have been produced. There is no reason why the same documents for the first and second posting would not exist and be able to be produced.

8. The same is true for the requested training authorizations for April 1, 2019 – August 2019. Defendants produced one from 2014. There is no reason why the

2

ones we requested also do not exist.

9. We requested CPHC controlled substance spreadsheets from February 2019 to present; only random information relating to 2016 was provided. The Drug Enforcement Administration (DEA) requires this information to be kept and if a document from 2016 was available, clearly documents from 2019 to the present should be available. It is against DEA rules and regulations to not have the 2019 controlled substance data available for inspection.

10. In 2019, I discovered during an inspection that CPHC facility was hiding controlled substance losses. Upon information and belief, as of recently, I believe that the number of controlled substance additional losses due to lack of documentation on the CPHC spreadsheets has increased to a level that should have been reported to the DEA and NCBOP and has not been.

11. Defendants do not want to produce these spreadsheets because it will validate my claim that they retaliated against me for speaking out about the controlled substance losses and complained about the discriminatory and retaliatory non-selection for the permanent CEO position at CPHC.

12. The letter regarding the inquiry of Central Prison Healthcare Facility Controlled Substance Medication Issues from Tim Moose to W. David Guice dated June 15, 2016, regarding controlled substance losses, internal investigation, and placement of Knechtges into Acting CPHC CEO position was not provided. I know this document exists because I have seen it. Due to the nature of the controlled substance losses, this document is required by DEA

3

regulations and rules to be available and cannot be destroyed.

13. We also requested the entire DPS EEO informal inquiry file, but Defendants only provided select documents and none of it included the evidence considered by the investigator, which I know I provided.

14. I requested copies of all of my performance evaluations beginning in 2009. Defendants only provided one for the year 2018-2019. Documents related to ongoing and current grievances, complaints, discipline, and litigation in process against the Department cannot be destroyed.

15. Asked for all documents (hiring package) for DPS Statewide Director of Informatics position when Valerie Langley was selected for that position; provided Clinical Informatics Specialist position and hiring package when Langley was hired as DPS Statewide Director of Nursing. Documents related to ongoing and current grievances, complaints, discipline, and litigation against the Department cannot be destroyed.

16. I requested all documents (hiring package) for Statewide DPS Medical Director III position when Anita Wilson was selected for that position, which are the same documents as provided for the third posting of the CEO position. Defendants provided documents for CPHC Medical Director II, not the position that Anita Wilson was hired for. Documents related to ongoing and current grievances, complaints, discipline, and litigation against the Department cannot be destroyed.

17. Again, unless Defendants have destroyed these documents, I know they exist

4

and can be produced.

Further the affiant sayeth not.

*Judith Knechtges*
JUDITH KNECHTGES

## ACKNOWLEDGEMENT CERTIFICATE

State of Ohio, County of __Lorain__

The foregoing instrument was acknowledged before me on this __8/18/2023__ (date)

by JUDITH KNECHTGES

(Notary Seal)

_____
Signature of Notary Public – State of Ohio

[Notary Seal: MATTHEW POLCYN - NOTARY PUBLIC, COMM EXP: JUN 5, 2027, STATE OF OHIO]

My commission expires: __June 5th, 2027__

5