IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-225-BO

| | |
|---|---|
| JUDITH KNECHTGES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NC DEPARTMENT OF PUBLIC ) | |
| SAFETY, ERIC HOOKS, JANET G. ) | |
| THOMAS, and TERRI CATLETT, ) | |
| ) | |
| Defendants. | |

This matter is before the court on several motions. Plaintiff Judith Knechtges ("Knechtges") moves to compel discovery responses, recover expenses, and amend the scheduling order to extend the discovery period and deem her motion timely filed [DE-66]. The North Carolina Department of Public Safety, Eric Hooks, Janet Thomas, and Terri Catlett (collectively, "Defendants") filed two motions for an extension of time to respond to Knechtges's motion to compel [DE-67, -68] and now oppose it [DE-69]. The time for responding to Defendants' motions has expired without a response from Knechtges; thus, they are ripe for review. For the following reasons, Defendants' motions to extend time to respond to the motion to compel [DE-67, -68] are allowed. Knechtges's motion to amend the scheduling order, deem her motion timely filed, and compel discovery responses [DE-66] is denied as to the request to amend, allowed as to the request to deem motions timely filed, and held in abeyance as to the request to compel.

## I.   BACKGROUND

Knechtges, an employee of Defendant North Carolina Department of Public Safety ("DPS"), filed this action on May 17, 2021 alleging that DPS discriminated against her by failing

to promote her on the basis of race, sex, and age. Compl. [DE-1]. Knechtges served discovery requests on April 20, 2022. [DE-27-1]. Shortly thereafter, on June 28, 2022, the parties moved to extend the discovery and motions deadlines to complete discovery and attempt to reach a global resolution in this and other litigation pending before the North Carolina Court of Appeals, the North Carolina Office of Administrative Hearings, and the U.S. Equal Employment Opportunity Commission. [DE-18]. The motion did not address Knechtges's outstanding discovery requests. The court then extended the discovery deadline to August 27, 2022, and the motions deadline to September 27, 2022. [DE-19]. The case did not settle at mediation on August 17, 2022, but the mediation was held open until September 14, 2022, when the mediator declared an impasse. [DE-22, -23].

Following the failed mediation, on September 27, 2022, Defendants sought an extension of the motions deadline to October 18, 2022. [DE-24]. The request was based in part on defense counsel's optimism that the case would still settle and the need to finalize materials in support of a summary judgment motion. *Id.* Knechtges opposed the motion, noting that Defendants had not responded to Knechtges's discovery requests despite an August 5, 2022 email from defense counsel stating that responses would be forthcoming. [DE-25]. The court extended the motions deadline to October 18, 2022. [DE-26]. Then, on October 7, 2022, having received no discovery responses from Defendants, Knechtges filed her first motion to compel. [DE-27]. Two weeks later, on October 21, 2022, Defendants responded that on that day they served their responses to Knechtges's discovery requests. [DE-32]. The court later entered a protective order, [DE-37], then denied Knechtges's first motion to compel as moot "given Defendants have now responded to the discovery requests." [DE-38].

2

Two months after entry of the protective order, Knechtges filed her second motion to compel, [DE-41], claiming that the discovery responses Defendants provided were deficient. Defendants filed motions for extensions of time to respond to the motion to compel [DE-43, -45, -47], for an extension of time to file dispositive motions, [DE-42], and to deem their motion to extend time to respond to the motion to compel timely filed [DE-46]. Knechtges opposed the motion to extend the dispositive motions deadline as well as the motions for an extension of time to respond to the motion to compel, [DE-44, -49], citing Defendants' allegedly deficient discovery responses and multiple prior extensions. On April 25, 2023, Defendants responded in opposition to the second motion to compel in part by alleging that they had fully and reasonably responded to Knechtges's discovery requests. [DE-48]. Shortly thereafter, Defendants made their final motion to extend the dispositive motions deadline, [DE-51], which the court allowed [DE-53]. The dispositive motions deadline was moved to May 17, 2023. *Id.*

On the day of the dispositive motions deadline, Defendants filed their motion for summary judgment [DE-54]. Knechtges responded in opposition to two of the arguments raised by Defendants [DE-61]. However, she also filed a motion under Rule 56(d) of the Federal Rules of Civil Procedure asking the court to defer ruling on the summary judgment motion or deny it altogether, claiming that Defendants' allegedly insufficient discovery responses have prevented her from being able to properly respond. [DE-59]. Later, on August 1, 2023, the court granted Defendants' motions to deem the request to extend deadlines timely filed and extend time to respond [DE-43, -45, -46, -47]; declared Defendants' motion to extend the dispositive motions deadline, [DE-42], moot; and allowed in part and denied in part Knechtges's second motion to compel [DE-41]. [DE-65]. In ruling on the motion to compel, the court's order mandated that Defendants "supplement their responses as to the 'additional documents related to first and second

3

[job] postings' that defense counsel indicated were in their possession, which appears to correlate to RFP No. 1." *Id.* Less than three weeks after the court entered its order, Knechtges filed the instant motion to compel, [DE-66]. Defendants oppose the motion. [DE-69].

## II. ANALYSIS

### A. Defendants' Motions for Extension of Time to Respond

Defendants filed motions for extensions of time to respond to the motion to compel [DE-67, -68]. Subsequently, Defendants responded in opposition to the motion to compel. [DE-69]. Knechtges did not respond to either motion for an extension of time and the time to do so has passed.

The court in its discretion will allow Defendants' motions to extend time to respond to the motion to compel [DE-67, -68]. The deadline to respond to the motion to compel was September 1, 2023, and Defendants' first motion for an extension of time to file a response was filed on that date. [DE-67]. Defendants requested an extension up to and including September 19, 2023. *Id.* After not hearing from the court in the interim, Defendants filed their second motion for an extension of time to respond on September 19, 2023, requesting an extension up to and including September 26, 2023. [DE-68]. Defendants then filed their response in opposition to the motion to compel on September 26, 2023. [DE-69]. Because Defendants' requests for an extension were both timely filed (given the lack of court notification to the contrary), Defendants need only demonstrate good cause to extend the deadline. Fed. R. Civ. P. 6(b)(1).

Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made [ ] before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). In the instant case, Defendants state that counsel was ill around the time of the initial response deadline and preparing for imminent argument before the North Carolina Supreme Court at the time of the second. [DE-

4

67, -68]. Defense counsel also states that he had been working with DPS and DAC staff to determine if any additional documents could be produced. *Id.* Accordingly, for good cause shown, the court in its discretion allows Defendants' requests to extend time to respond, *id.*, and the court has considered Defendants' response to the motion to compel, [DE-69], in the interest of justice.

## B. Knechtges's Requests to Amend the Scheduling Order and Deem Motions Timely Filed

Knechtges asks the court to amend the scheduling order and deem her motion to compel timely filed. Pl.'s Mot. [DE-66] at 12–13. Defendants' response to the motion to compel does not address these arguments. Defs.' Resp. [DE-69]. Importantly, the discovery period closed on August 27, 2022, [DE-19], so allowing the motion would require the court to re-open the discovery period well over a year after it closed. Rule 16(b) of the Federal Rules of Civil Procedure addresses the entry and modification of scheduling orders, and states that "a schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Regarding timeliness, Federal Rule of Civil Procedure 6(b) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect" is an elastic concept, "not limited strictly to omissions caused by circumstances beyond the control of the movant," and courts have discretion to allow late filings even where the delay was the result of inadvertence. *Pioneer Invs. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (citation omitted).

In the instant case, Knechtges argues that the scheduling order should be amended by referring to the August 1 court order, which found the second motion to compel "undoubtedly untimely" but ultimately granted the motion in part. [DE-65] at 8. Knechtges asserts that this language regarding timeliness is prejudicial to Knechtges, and that she has "suffered for her

5

hesitance in holding Defendants' proverbial feet to the fire." Pl.'s Mot. [DE-66] at 10–11. To begin with, the court questions this alleged prejudice given that the August 1 court order partially favors Knechtges. Moreover, as discussed further below, this case's history shows that discovery was served before the deadline, [DE-41] at 2; counsel has communicated with each other regarding discovery well after the deadline [DE-44-1] at 1–4, [DE-44-2, -44-3]; and this court has issued multiple orders regarding discovery after the deadline, neither of which denied the relevant motion on timeliness grounds. [DE-38, -65]. The court will not now deny Knechtges's motion to compel based on timeliness grounds when resolution of these discrete discovery issues is within reach. Accordingly, the court finds that there is no good cause to amend the scheduling order to re-open the discovery period to resolve the issues presented but will in its discretion deem Knechtges's motion to compel timely filed.

### C. Knechtges's Motion to Compel

Knechtges seeks an order from the court compelling Defendants to respond to various discovery requests. Pl.'s Mot. [DE-66]. Knechtges contends that, despite entry of a protective order [DE-37] and the court order dated August 1, 2023, [DE-65], Defendants have failed to produce the records specifically identified in the court order as "the 'additional documents related to first and second postings' that defense counsel indicated were in [Defendants'] possession, which appears to correlate to RFP No. 1." *Id.* at 12; [DE-65]. Further, Knechtges argues that because of Defendants' allegedly deficient discovery responses, she is unable to effectively respond to Defendants' motion for summary judgment [DE-54]. [DE-59]. Finally, Knechtges's counsel claims that she reached out to defense counsel after entry of the August 1 court order to ask when she could expect the mandated supplementation to discovery, before filing the motion to compel,

but received no response. Pl.'s Mot. [DE-66] at 3. Knechtges's counsel seeks her costs and reasonable attorney's fees in filing the motion. *Id.* at 13.

Knechtges's Exhibit 1, [DE-66-1], is an affidavit completed and acknowledged by the plaintiff herself, dated August 18, 2023. In her affidavit, Knechtges states that, having worked for DPS for over 13 years, she is aware that DPS record retention policies mandate that documents identified in her discovery requests cannot be destroyed while there are grievances, complaints, discipline, and litigation in process against DPS. Pl.'s Mot. Ex. 1 [DE-66-1] at 2–5. Knechtges also claims that certain requested documents must be maintained under federal rules and regulations. *Id.* at 3–4. Knechtges avers that, based on this knowledge, Defendants' discovery responses are deficient for a variety of reasons, the most egregious of which being that Defendants have produced the same *kind* of documents she has requested, but not the documents she has *actually* requested.[1] *Id.* at 2–5. Knechtges asserts that there is no reason that DPS would have access to some, but not all, of the relevant documents. *Id.*

Defendants, on the other hand, contend that they have "tried to comply with Plaintiff's discovery request without letting Plaintiff engage in a fishing expedition." Defs.' Resp. [DE-69] at 7. To that end, Defendants claim that they have recently located sixty-two pages of documents related to the first and second job postings and that these documents have been sent to Knechtges. *Id.* Defendants also argue that Knechtges's motion should be denied because (1) it was filed outside the discovery period and (2) Knechtges's counsel failed to meaningfully "meet and confer" prior to filing her motion. *Id.*

---

[1] For example, Knechtges has requested documents related to the first and second job postings for the Central Prison Healthcare Complex CEO position, and Defendants have produced documents related to the third job posting instead. Pl.'s Mot. Ex. 1 [DE-66-1] at 2. Additionally, she has requested copies of her performance evaluations beginning in 2009, and Defendants have only provided one for the year 2018–2019. *Id.* at 4.

7

Regarding timeliness, all three of Knechtges's motions to compel were filed after the August 27, 2022 close of discovery. [DE-19]. "While Rule 37(a) governing motions to compel does not specify a temporal requirement for the filing of such motions, '[g]enerally, absent a specific directive in the scheduling order, motions to compel discovery filed prior to the discovery deadline have been held timely.'" *Ruth v. City of Creedmoor*, 2015 WL 1815475, at *3 (E.D.N.C. Apr. 21, 2015) (citing *PCS Phosphate Co. v. Norfolk S. Corp.*, 238 F.R.D. 555, 558 (E.D.N.C. 2006)); *Greene v. Swain Cnty. P'ship for Health*, 342 F. Supp. 2d 442, 449 (W.D.N.C. 2004) (deeming as untimely a motion to compel filed twenty-one days after the discovery deadline and six days after the motions deadline); *see Sager v. Standard Ins. Co.*, 2010 WL 2772433, at *1 (E.D.N.C. July 12, 2010) (denying motion to compel filed three weeks after close of discovery as untimely); *English v. Johns*, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (denying as untimely motion to compel filed after the close of discovery), *aff'd*, 582 F. App'x 229 (4th Cir. 2014); *Powell v. Kamireddy*, 2015 WL 333015, at *4 (E.D.N.C. Jan. 26, 2015) (denying motion to compel as untimely where the moving party waited three months to notify the producing party that the responses were deficient, and the motion to compel was filed more than two months after the close of discovery and six weeks before trial).

Meanwhile, Rule 37 requires that a motion to compel include a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The local rules of this district require that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c)(2). The court in its discretion can deny a motion to compel for failing to meet the

8

requirements of Fed. R. Civ. P. 37(a)(1) and Local Civ. R. 7.1(c)(2). *Ferruccio v. Davis*, 2020 WL 6706354 (E.D.N.C. Nov. 13, 2020).

In the instant case, Knechtges's first motion to compel, [DE-27], was filed on October 7, 2022, after the discovery period closed on August 27, 2022 [DE-19]. In ruling on the issue, the court noted,

> [i]t is well established in this district that, as a general matter, motions to compel must be filed before the end of the discovery period.' *Williams v. AT&T Mobility*, No. 5:19-CV-00475-BO, 2022 WL 2821922, at *2–3 (E.D.N.C. July 19, 2022) (collecting cases). Discovery closed on August 27, 2022, but Plaintiff did not raise the issue of Defendants' failure to respond to her discovery requests until October 3, 2022, and did not file the motion to compel until four days later. Thus, while the court does not condone Defendants' failure to timely respond to Plaintiff's discovery requests, Plaintiff failed to timely raise the matter with the court and also failed to certify that Plaintiff attempted to resolve the dispute prior to filing the motion to compel as required by Local Civil Rule 7.1(c)(2), and the court in its discretion declines to award expenses.

[DE-38] at 2.

Knechtges's second motion to compel, [DE-41] was filed on March 16, 2023, also after the discovery period closed. As the court noted in its August 1, 2023 order,

> [t]he second motion to compel is undoubtedly untimely, filed three months after the court's mooting the first motion to compel and seven months after the close of discovery. Additionally, Defendants have subsequently filed their motion to summary judgment. [DE-54]. Accordingly, the court in its discretion may deny the second motion to compel for failing to meet the requirements of Fed. R. Civ. P. 37(a)(1) and Local Civ. R. 7.1(c)(2).

[DE-65] at 8.

The instant motion is no exception to the trend: it was filed on August 18, 2023, over a year after the close of discovery. And as this court has previously stated, Knechtges arguably should have sought an extension of the discovery deadline before the close of discovery to resolve outstanding discovery issues. [DE-38] at 2. However, this case's history shows that discovery was served before the deadline, [DE-41] at 2, and counsel has communicated with each other regarding

9

discovery well after the deadline [DE-44-1] at 1–4, [DE-44-2, -44-3]. Moreover, this court has confronted the timing issue twice before in ruling on Knechtges's motions to compel, and not once found it fatal. [DE-38, -65]. Thus, the court finds it appropriate to resolve this particular discovery issue on the merits.

With respect to Rule 37 and Local Rule 7.1(c)(2), the court in its discretion will not deny the motion to compel on "meet and confer" grounds, as Knechtges's counsel arguably attempted to do so prior to filing the motion to compel. It appears that, three days after the court entered its August 1 order, Knechtges's counsel emailed Defendants' counsel to ask when they could expect to receive the court-ordered discovery responses. Pl.'s Mot. Ex. 2 [DE-66-2]. Knechtges's counsel claims that they never received a reply (or the court-ordered discovery responses) from Defendants' counsel prior to filing the motion to compel over two weeks later. Pl.'s Mot. [DE-66] at 11–12. Defendants' counsel does not refute these claims by stating that "Plaintiff failed to engage in a meaningful 'meet and confer' with opposing counsel prior to filing [the] motion with the court." Defs.'s Resp. [DE-69] at 7. Indeed, the evidence indicates that the only reason such a meeting did not happen was that Defendants' counsel failed to respond to the August 1 court order and Knechtges's inquiries about Defendants' compliance with the order until after Knechtges filed her motion to compel. *Id.*

Turning to the motion's specific requests, the court notes that the parties have a long history of miscommunication at best, and an utter lack of communication at worst. The Defendants claim to have produced sixty-two pages of documents related to the first and second job postings on or after August 18, 2023. *Id.* In the interest of promoting judicial economy going forward, the court directs the parties to meet and confer regarding Defendants' latest document production and any remaining perceived deficiencies, which the parties should attempt to resolve without judicial

10

intervention. The parties shall file a notice no later than **December 18, 2023,** indicating that the issues have been fully resolved or specifically listing any remaining deficiencies.

As it has done in the past, the court cautions Knechtges that Defendants cannot produce what they do not have. In *Georgia-Pac. Corp. v. Von Drehle Corp.*, 2007 WL 9637134, at *1–2 (E.D.N.C. Aug. 17, 2007), this court found that absent evidence to the contrary, "[t]he court must take [a party's] word that it has produced all responsive discoverable documents if [the party] says that it has." At this point, Knechtges has produced evidence via her affidavit indicating that Defendants are in possession of the requested documents addressed in the August 1 court order. *See* Pl.'s Mot. Ex. 1 [DE-66-1]. However, the court is unable to determine whether the sixty-two pages of documents sent to Knechtges's counsel on or after August 18, 2023 are responsive or represent all responsive discoverable documents. Thus, if these documents represent all responsive discoverable documents, the court directs Defendants' counsel to so certify in the **December 18, 2023** notice.

### III. CONCLUSION

For the foregoing reasons, Defendants' motions to extend time to respond to the motion to compel, [DE-67, -68], are GRANTED; and Knechtges's motion to amend the scheduling order, deem motions timely filed, and compel discovery responses [DE-66] is DENIED as to the request to amend, GRANTED as to the request to deem timely filed, and HELD IN ABEYANCE as to the request to compel.

So ordered, the 5th day of December, 2023.

Robert B. Jones, Jr.
United States Magistrate Judge