IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-225-BO

| | |
|---|---|
| JUDITH KNECHTGES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| ERIC HOOKS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter is before the court on Plaintiff Judith Knechtges ("Knechtges") motion to compel discovery responses, [DE-66], which the court held in abeyance in an order dated December 5, 2023, [DE-70]. The North Carolina Department of Adult Correction ("NCDAC"),[1] Eric Hooks, Janet Thomas, and Terri Catlett (collectively, "Defendants") oppose the motion [DE-69]. For the following reasons, the motion to compel is allowed in part and denied in part.

## I. BACKGROUND

Knechtges, an employee of NCDAC, filed this action on May 17, 2021 alleging that NCDAC discriminated against her by failing to promote her on the basis of race, sex, and age. Compl. [DE-1]; *see* Defs.' Mot. [DE-50] at 1. Knechtges served discovery requests on April 20, 2022. [DE-27-1]. On October 7, 2022, having received no discovery responses from Defendants, Knechtges then filed her first motion to compel. [DE-27]. Two weeks later, on October 21, 2022, Defendants served their responses to Knechtges's discovery requests. [DE-32]. The court later

---

[1] Both the instant motion and the court's December 5, 2023 order refer to the North Carolina Department of Public Safety rather than NCDAC; however, on December 15, 2023, the court entered an order substituting the parties, [DE-72].

entered a protective order, [DE-37], and denied Knechtges's first motion to compel as moot "given Defendants have now responded to the discovery requests." [DE-38].

Two months after entry of the protective order, Knechtges filed her second motion to compel, [DE-41], claiming that the discovery responses Defendants provided were deficient. Defendants responded in part by alleging that they had fully and reasonably responded to Knechtges's discovery requests. [DE-48]. While the motion was pending, on May 27, 2023, Defendants filed their motion for summary judgment [DE-54]. Knechtges responded in opposition to two of the arguments raised by Defendants [DE-61]. However, she also filed a motion under Rule 56(d) of the Federal Rules of Civil Procedure asking the court to defer ruling on the summary judgment motion or deny it altogether, claiming that Defendants' allegedly insufficient discovery responses have prevented her from being able to properly respond. [DE-59]. Later, on August 1, 2023, the court allowed in part and denied in part Knechtges's second motion to compel, [DE-41]. [DE-65]. The court's order mandated that Defendants "supplement their responses as to the 'additional documents related to first and second [job] postings' that defense counsel indicated were in their possession, which appears to correlate to RFP No. 1." *Id.*

Less than three weeks after the court entered its order, Knechtges filed the instant motion to compel, as well as motions to amend the scheduling order to extend the discovery period and to deem motions timely filed. [DE-66]. Defendants opposed the motions, [DE-69], and on December 5, 2023, the court entered an order denying Knechtges's request to amend the scheduling order, allowing the request to deem motions timely filed, and holding the motion to compel discovery in abeyance. [DE-70]. In the order, the court directed the parties to meet and confer regarding Defendants' most recent document production and any remaining perceived discovery deficiencies. *Id.* at 10–11. Further, the court mandated that following the meet and confer, the

2

parties must file a notice with the court no later than December 18, 2023, indicating that the issues have been fully resolved or in the alternative, specifically listing any remaining deficiencies. *Id.* at 11. The order also stated that if Defendants have already produced all discoverable responsive documents, counsel for Defendants must so certify in the December 18, 2023 notice. *Id.*

After receiving several extensions, [DE-73, -74, -75, -76, -77, -78], the parties responded to the December 5, 2023 order on February 1, 2024. Knechtges has filed what she calls a "renewed motion to compel or in the alternative motion to reopen discovery to allow for discovery, including the deposition of Defendants' custodian or personnel records, or motion to require Defendants' [sic] to show cause why sanctions should not be imposed for spoilation [sic]," Pl.'s Resp. [DE-79] at 1, as well as a declaration made by Knechtges's counsel, Valerie Bateman, [DE-80]. Defendants have filed their own response. [DE-81]. The court considers these documents in ruling on the instant motion to compel, [DE-66]. Additionally, the court notes that in the midst of this ongoing discovery dispute, the court entered an order granting Knechtges's Rule 56(d) motion and denying Defendants' motion for summary judgment without prejudice, [DE-71].

## II. ANALYSIS

In her response to the court's December 5, 2023 order, Knechtges's counsel claims to have conferred multiple times with Defendants' counsel regarding the notice directive. Pl.'s Resp. [DE-79] at 8. Despite these meetings, however, Knechtges claims that she has received no additional documents from Defendants' counsel related to the first and second job postings and interviews, and according to her, the fault does not lie with Defendants' counsel. *Id.* 8. Instead, Knechtges contends that Defendants have "refused to produce documents that are so clearly relevant to the case as to be unthinkable the documents could not exist, except for their obvious spoilation [sic] by Defendants." *Id.* In support of this assertion, Knechtges filed a declaration made by her counsel,

3

Valerie Bateman, [DE-80]. Ms. Bateman declares that she represented State agencies in employment litigation for over thirty years, and as a result, she knows that "[i]n a case involving a denial of promotion, all documents related to the hiring process are required to be kept in a safe and secure location and made available to counsel for production during the litigation." *Id.* at 1. According to Ms. Bateman, the State Archives of North Carolina, a division of the North Carolina Department of Natural and Cultural Resources, oversees the preservation of such governmental records and has established several document retention schedules (the "functional schedules") that state agencies must abide by to comply with North Carolina law. *Id.* at 1–2; *see* [DE-80-1, -80-2, 80-3]; N.C. GEN. STAT. §§ 121-5(b), 132-3(a) (2023).

Defendants' counsel, on the other hand, asserts that he has repeatedly met with NCDAC and urged the agency to "check to make sure there are no other responsive documents." Defs.' Resp. [DE-81] at 2. According to Defendants' counsel, after each meeting, NCDAC has informed him that they have "turned over all responsive documents." *Id.* Defendants' counsel states that the sixty-two pages of documents previously sent to Knechtges—which supposedly represent all responsive documents related to the first and second job postings and interviews—include the application Knechtges completed for the CEO position and "a few additional emails related to the job posting that out of abundance [sic] of caution were sent to Plaintff's [sic] counsel as part of the sixty-two pages after undersigned counsel went back to DPS/DPC and asked them to comb through things again." *Id.*

NCDAC has had over six months to comply with the court's order to "supplement their responses as to the 'additional documents related to first and second [job] postings' that defense counsel indicated were in their possession, which appears to correlate to RFP No. 1." [DE-65].

4

Knechtges's Request for Production of Documents No. 1 asked Defendants to produce the following:

> Documents for all candidates related to first, second and third CPHC CEO interviews and postings; including but not limited to posting, application interview questions, interview notes, emails related to the selection process and the following forms used in each selection process for each candidate. HR 001, 003, 004, 005, 006, 007, 008, 009, 012, 013, 014, 015, 016, 017, 018, 019.

Pl.'s Mot. Ex. 1 [DE-27-1] at 1.

While the court has previously cautioned Knechtges that Defendants cannot produce what they do not have, NCDAC has produced "detailed documents from the third posting, the only one not to select Plaintiff as the most qualified applicant," Pl.'s Resp. [DE-79] at 10–11. The first posting occurred in April 2017; the second, on December 20, 2017; and the third, on August 7, 2018. Compl. [DE-1] at 26, 28, 29. It strains credulity to imagine that in a case that has been heavily litigated since 2019,[2] NCDAC has managed to produce detailed documents from the third job posting, but only Knechtges's own application and a "few additional emails" related to the first and second postings. NCDAC's position is belied by the 2017 functional schedule, which required state governmental agencies to retain hiring packages (including "interview documentation, rosters, eligibility lists, test ranking sheets, tracking forms, justification statements, and other related records") for two years following a hiring decision, with the express stipulation that "[n]o destruction of records may take place if audits or litigation are pending or reasonably anticipated." N.C. DEP'T OF NAT. & CULTURAL RES., FUNCTIONAL SCHEDULE FOR N.C. STATE AGENCIES (2017). Knechtges filed her first lawsuit related to the instant claims in February 2019, well within the two-year retention window. *See supra* note 2. If NCDAC complied with state records retention

---

[2] Knechtges filed her first lawsuit related to the claims at issue in the Office of Administrative Hearings on February 22, 2019. Defs.' Resp. [DE-69] at 2.

5

requirements, the 2019 lawsuit seemingly should have barred the destruction of records related to Knechtges and the first, second, and third postings and interviews for the CEO position. *See* N.C. DEP'T OF NAT. & CULTURAL RES., FUNCTIONAL SCHEDULE FOR N.C. STATE AGENCIES (2017).

Knechtges seeks an order from the court that either requires Defendants to show cause as to why they should not be sanctioned for their failure to produce detailed documents related to the first and second job postings or reopens the discovery period to allow Knechtges to obtain this information through other means, including deposing NCDAC's custodian of personnel records and/or interview panelists from the first and second job postings. Pl.'s Resp. [DE-79] at 8–13. She also seeks her costs and reasonable attorney's fees in filing the motion to compel. Pl.'s Mot. [DE-66] at 13. As in the court's orders regarding the first and second motions to compel, the court in its discretion declines to award expenses. However, the court will reopen the discovery period for the limited purpose of allowing Knechtges to obtain information related to the first and second job postings and interviews for the CEO position via deposition, subpoena, or written discovery. Given the age of this ongoing discovery dispute and its effect on previously established case deadlines, this narrow discovery must be completed no later than **March 29, 2024.** The court expects counsel to work cooperatively to meet this deadline, and no extensions will be granted.

### III. CONCLUSION

For the foregoing reasons, the motion to compel discovery responses [DE-66] is allowed in part and denied in part.

So ordered, the 7th day of February, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge