IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CV-225-BO

| | |
|---|---|
| JUDITH KNECHTGES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ERIC HOOKS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on Plaintiff Judith Knechtges's ("Knechtges") motions for an extension of time to complete discovery and for an extension of time to file a response to Defendants' motion for protective order, and Defendants' motion for protective order. [DE-85, -89, -86]. Defendants oppose Knechtges's request for additional time to complete discovery, [DE-87], and Knechtges filed an opposition to the motion for protective order, [DE-92]. For the following reasons, Knechtges's motion for an extension of time to file a response to Defendants' motion for protective order is granted, Knechtges's motion for an extension of time to complete discovery is denied, and Defendants' motion for protective order is denied as moot.

I. BACKGROUND

Knechtges, an employee of Defendant North Carolina Department of Adult Correction ("NCDAC"),[1] filed this action on May 17, 2021, alleging that NCDAC discriminated against her

---

[1]Knechtges was previously employed by the North Carolina Department of Public Safety ("NCDPS"). Defs.' Mot. [DE-50] at 1. The NCDAC separated from NCDPS on January 1, 2023, *id.* at 2, and on December 15, 2023, the court entered an order substituting NCDAC as a party in the instant case, [DE-72].

by failing to promote her because of race, sex, and age. Compl. [DE-1]. Knechtges served discovery requests on April 20, 2022, [DE-27-1], and has filed three motions to compel since then, [DE-27, -41, -66]. As relevant here, in Knechtges's second motion to compel, she claimed that the discovery responses Defendants had provided were deficient. [DE-41]. Defendants responded by alleging that they had fully and reasonably responded to Knechtges's discovery requests, [DE-48], and in an order dated August 1, 2023, the court allowed and denied the motion in part, [DE-65]. In the order, the court mandated that Defendants "supplement their responses as to the 'additional documents related to first and second [job] postings' that defense counsel indicated were in their possession, which appears to correlate to RFP No. 1." *Id.*

Shortly after the court issued this order, Knechtges filed her third motion to compel, [DE-66], which Defendants opposed, [DE-69], and the court held in abeyance in an order dated December 5, 2023, [DE-70]. In the order, the court directed the parties to meet and confer regarding Defendants' most recent document production and any remaining perceived discovery deficiencies. *Id.* at 10–11. Further, the court mandated that following the meet and confer, the parties file a notice with the court no later than December 18, 2023, indicating that the issues have been fully resolved or in the alternative, specifically listing any remaining deficiencies. *Id.* at 11. Finally, the order stated that if Defendants have already produced all discoverable responsive documents, counsel for Defendants must so certify in the December 18, 2023 notice. *Id.*

Knechtges responded to the court's directive by filing what she called a "renewed motion to compel or in the alternative motion to reopen discovery to allow for discovery, including the deposition of Defendants' custodian or personnel records, or motion to require Defendants' [sic] to show cause why sanctions should not be imposed for spoilation [sic]," Pl.'s Resp. [DE-79] at 1, as well as a declaration made by Knechtges's counsel, Valerie Bateman, [DE-80]. Defendants

2

opposed the motion, [DE-81], and in an order dated February 8, 2024, the court granted Knechtges's request in part, reopening the discovery period until March 29, 2024 for the limited purpose of allowing Knechtges to obtain information related to the first and second job postings and interviews for the CEO position via deposition, subpoena, or written discovery, [DE-82]. Knechtges now moves to extend the reopened limited discovery period, [DE-85], while Defendants seek a protective order limiting the scope of discovery, [DE-86]. Knechtges also requests an extension of time to file a response to Defendants' motion for protective order. [DE-89]. Notably, the court entered an order on March 15, 2024, mandating the parties meet and confer regarding the protective order and setting Knechtges's deadline to respond to Defendants' motion for March 25, 2024, [DE-88], and on April 5, 2024, entered an order setting a trial date of May 20, 2024, [DE-95].

## II.  ANALYSIS

### A. Knechtges's Motion to Extend Time to File a Response to Defendants' Motion for a Protective Order

Knechtges seeks an order from the court extending the time to file a response to Defendants' motion for protective order, [DE-86]. [DE-89]. Defendants have not filed an opposition in response.

The deadline to respond to the motion for protective order was March 25, 2024, [DE-88], and Knechtges filed her motion for an extension of time on that date, [DE-89]. Fed. R. Civ. P. 6(b)(1)(A) provides that "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made [ ] before the original time or its extension expires." Here, Knechtges's request for an extension was timely, and she stated that while counsel was preparing her response to Defendants' motion, she became aware of additional relevant information which she sought to memorialize via witness declaration. Pl.'s Mot. [DE-89] at 1–2.

3

Knechtges requested a one-day extension to obtain the signed declaration, *id.*, and she submitted the document with her response to Defendants' motion the following day, as promised, [DE-91, -93, -94]. Accordingly, for good cause shown, the court in its discretion allows Knechtges's request to extend time to respond, [DE-89], and the court has considered Knechtges's response to the motion for protective order, [DE-91], as well as the associated exhibits and witness declarations, [DE-92, -93, -94], in the interest of justice.

### B. Knechtges's Motion to Extend Time to Conduct Discovery and Defendants' Motion for Protective Order

In the February 8, 2024 order, the court reopened the discovery period until March 29, 2024 for the limited purpose of allowing Knechtges to obtain information related to the first and second job postings and interviews for the CEO position. [DE-88]. Knechtges filed the instant motion on March 12, 2024, requesting that the court extend the reopened discovery period an additional month, to April 29. [DE-85]. In the motion, Knechtges asserts that good cause for the extension exists because in the time since the court reopened the discovery period, her counsel has identified individuals with knowledge about the first and second job postings who she will have to subpoena for a deposition. *Id.* at 2–3. Knechtges also contends that her counsel is "already under a compressed discovery deadline in another matter" and "has multiple cases pending in various federal courts." *Id.* at 3.

Defendants oppose Knechtges's request for an extension on the grounds that she has "been provided confirmation that everything existing has been provided." Defs.' Mem. [DE-87] at 11. Defendants' reasoning is more fully explained in their motion for protective order, which states that since the court's February 8 order, Knechtges has noticed several depositions, including the Fed. R. Civ. P. 30(b)(6) depositions of NCDPS and the North Carolina Office of State Human Resources ("OSHR"), as well as depositions of Reuben Young, former Interim Chief Deputy

4

Secretary of the NCDPS, Tracy Perry, and Jodie Harrison. *Id.* at 3. For each of these depositions, Knechtges noticed topics related not to the first and second job postings and interviews for the CEO position, as mandated by the February 8 order, but to the spoliation of evidence. *Id.* Defendants certify by declaration that a "thorough search has been conducted as to the first and second postings and the interviews and there is nothing else in the possession of DAC or DPS capable of being produced," assert that extensive discovery has already been produced, and promise that should new documents be discovered, they will supplement their responses accordingly. *Id.* at 3–4; [DE-87-8 to -87-10, -90-1].

In her response to Defendants' motion for a protective order, Knechtges asserts that further discovery is warranted for several reasons. First, Knechtges contends that Defendants' counsel has refused to produce any deponents who worked for NCDPS with knowledge about the first and second postings and interview processes.[2] Pl.'s Resp. [DE-91] at 8. Second, Knechtges argues that during the limited discovery period, she received information indicating that documents from the second CEO job posting were compiled and submitted in or around December 2017, and that discovery on document retention policies is relevant because "who is responsible for the preservation of the documents that NCDPS and now NCDAC say they can not [sic] produce is highly relevant to the existence of such documents." *Id.* at 9–13. *See* Royster Decl. [DE-93]; Knechtges Decl. [DE-94]. To that end, Knechtges seeks additional time to explore these issues and

---

[2] Defendants' actual response reads,

> As you know, DAC separated from DPS on January 1, 2023. They are two separate agencies. The knowledge that any DAC designee will have as to the identified topics is minimal as DAC does not have knowledge of DPS processes, with DPS being the party at the time of the events in the Complaint. Because they are separate agencies DAC cannot designate a 30(b)(6) deponent from DPS. Some names of more appropriate DPS individuals will be provided.

Pl.'s Resp. [DE-91] at 8.

requests that the court not grant Defendants' request for a protective order limiting the scope of deposition topics to obtaining evidence related to the first and second job postings, not building a case for spoliation of evidence. Pl.'s Resp. [DE-91] at 10–13.

The court's February 8 order expressly stated that the reopened discovery period was for "the limited purpose of allowing Knechtges to obtain information related to the first and second job postings and interviews for the CEO position via deposition, subpoena, or written discovery." [DE-82] at 6. Furthermore, the order clarified that "this narrow discovery must be completed no later than March 29, 2024. The court expects counsel to work cooperatively to meet this deadline, and no extensions will be granted." *Id.* Given these clear limitations, the court in its discretion finds that Knechtges has not shown that there is good cause to extend the discovery period, which has already been reopened once, particularly as this case is set for trial on May 20, 2024.

## III. CONCLUSION

For the foregoing reasons, the motion for an extension of time to file a response to Defendants' motion for protective order, [DE-89], is granted; the motion for an extension of time to complete discovery, [DE-85], is denied; and the motion for protective order, [DE-86], is denied as moot.

So ordered, the 9th day of April, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge

6